## Stone *vs.* Ashley & a.

Since the passage of the act of the 29th of June, 1829, an instrument attested by one witness only, cannot operate as a conveyance of land, even against the grantor and his heirs.

If an instrument attested by one witness only were a valid conveyance of land, whether placing upon it, by the grantor, a fictitious name as that of another witness, would be such an alteration as would avoid the deed, *quære?*

Writ of entry. The tenants disclaimed all the demanded premises except twenty-five and one half acres, as to which they pleaded *nul disseizin.*

The demandant offered in evidence a deed executed by one Freeland Whitcomb, dated on the 10th day of February, 1838, and conveying the premises to the demandant in fee and in mortgage. It was acknowledged before a magistrate, and at that time was attested by one witness only. It appeared that Whitcomb carried the deed home with him, where his wife signed it ; but there was no witness to her signature, and in this condition it was recorded. Soon after this, Whitcomb took it from the register's office, and before it was delivered to the demandant another name was put on the deed, as the name of an attesting witness ; but which was proved to be a fictitious name. Afterwards, and before the 25th day of January, 1840, the deed was delivered to the demandant. It appeared that the demandant was never in possession of the premises, and that Whitcomb, on the 25th day of January, 1840, conveyed twenty-five and one half acres thereof to Sally N. Ashley, one of the tenants, and the wife of the other tenant. This deed was recorded on the 27th day of January aforesaid. In the month of April following, the tenants went into possession of the land conveyed to them, and have remained in possession ever since that time. Whitcomb was in possession of all the premises demanded, on the day of the date of the mortgage, and so remained until the execution of his deed to the tenants ; and he continued in possession of all the land, excepting that conveyed to the tenants, until his death, in the month of December, 1840.

Stone *v.* Ashley.

Upon this evidence a verdict was taken for the demand-ant, by consent, subject to the opinion of the court upon the foregoing case. If the verdict could not be sustained, it was agreed that judgment should be entered for the tenants.

*Leland,* for the tenants. The mortgage to the demandant was executed subsequent to the revised statutes of 1829 ; and, having but one witness, it conveys no interest in the land whatever, against any person but the grantor and his heirs.

The statute prior to the revised statutes, having no nega-tive words, did not, perhaps, abolish conveyances by bargain and sale to uses and trusts, as heretofore adopted in this state. But by the revised statutes, the legislature have added a negative clause, in these words, in addition to the former statute, viz., " unless executed in manner aforesaid ;" requir-ing any kind of bargains, sales, conveyances, &c., to be exe-cuted according to the statute, and expressly negativing any other mode ; providing that they shall be witnessed " by two witnesses and acknowledged," and that no conveyance shall be good " unless executed in manner aforesaid." *N. H. Laws, page* 191, § 4, (Ed. of 1815 ;) *N. H. Laws, page* 533, § 1, (Ed. of 1829.)

The statute makes contracts of bargain and sale, one class of cases, and mortgages another class ; therefore, this deed to the plaintiff must be either a good mortgage, or inopera-tive altogether as a deed ; for it cannot operate as a deed of bargain and sale.

There having been but one witness to the mortgage, it was not entitled to be recorded, in which case the record is not notice to the tenants. *Montgomery* vs. *Dorion,* 6 *N. H. Rep.* 250–5 ; 4 *Mass. R.* 541, 6, 7. If a deed of land be recorded without having been acknowledged, the record will be of no effect. *Blood* vs. *Blood,* 23 *Pick.* 80.

In the case of *Smith* vs. *Chamberlain,* 2 *N. H. Rep.* 440, the deed was a mortgage ; and upon page 441 the court say,

" it was decided several years ago that the signature of two witnesses was essential to the validity of a deed to pass real estate, and that nothing passed by a deed signed only by one witness." This decision was made in the year 1822, and in the case of a mortgage.

The *Stat.* 27 *H.* VIII., *c.* 10, does not express nor imply that species of conveyance called a mortgage, by which the mortgager may stand seized to the use of the mortgagee, and our statute enumerates the two classes of cases as distinct.

A mortgage is a pledge for the fulfilment of the consideration in some other contract, subject to be defeated by the payment of the consideration, or the discharge of the contract.

The case of *French* vs. *French,* 3 *N. H. Rep.* 234, was decided in the year 1825, before the revised statutes of 1829 ; and that was a case directly between the grantor and grantee, which is expressly excepted out of the statute. But the court went farther, and said that a contract of bargain and sale was a good conveyance, as there was no negative word, either expressed or implied, in the statute. But, by the act of 1829, there is an express negative clause, declaring such deed of no effect, except against the grantor and his heirs.

But no legal title ever passed from Whitcomb to the demandant, because the deed did not take effect until its delivery. Then the name of the witness was forged to it, and we think the cases of *Martendale* vs. *Follet,* 1 *N. H. Rep.* 95, and of *Chesley* vs. *Frost, Ibid* 145, fully sustain this point. It was not an alteration in an immaterial point, by the grantee or a stranger after delivery.

*P. C. Freeman,* for the demandant. We do not contend that the deed is sufficient under our statute, but we say it is good at common law. Anciently, no instrument in writing was necessary to convey lands. The first kind of conveyance known in England was a parol contract attended with livery ; and when the written deed or charter first came into

use, it was adopted only as an authentication of livery of seizin. The land was transferred, not by the instrument itself, but by livery of seizin, of which the instrument was merely the evidence. *Co. Litt.*, § 463, *lib.* 3, 271, 6. The livery was considered the very essence of the grant, and the written instrument without livery could have no effect.

In this case, the instrument under which the plaintiff claims, shows that a bargain was made for the sale of the land, with Whitcomb ; that the purchase money was paid, and that Whitcomb in consideration of it attempted to convey the land to the demandant, and this instrument was recorded in the proper county. This conveyance is all the common law, requires. Whitcomb, immediately after the execution of the instrument, must be considered as seized of the land to the use of the bargainor ; and the statute of uses, which has been adopted in this state, places the seizin of the land in the demandant. Such are the decisions in the cases of *French* vs. *French*, 3 *N. H. Rep.* 234 ; *Pritchard* vs. *Brown*, 4 *N. H. Rep.* 405.

Again : the instrument having been recorded within six months from the time of its execution, it will be presumed that the tenant had notice of it. The statute of enrolments, 27 *H.* viii., *c.* 16, passed by the same parliament which enacted the statute of uses, provides that no bargain and sale shall enure to pass a freehold, unless it be by indenture, and enrolled within six months. And it is believed that both these statutes of Henry viii. have been adopted in this country, and that if the statute of uses operate to vest the seizin in this demandant, the statute of enrolments, passed at the same time, must operate as constructive notice to the tenant of our title.

But the case finds that the instrument under which the demandant claims was altered before its delivery to the demandant, or notice that a fictitious name was placed thereon as a witness.

We do not deny that a material alteration of a deed by

the grantee, after delivery, may avoid the deed ; and this is for the good reason that the witnesses cannot prove it to be the deed of the party by which it purports to have been executed. In this case, the alteration is not material, and the execution was proved by the true witness. *Hatch* vs. *Hatch,* 9 *Mass. R.* 307 ; *Barret* vs. *Thorndike,* 1 *Greenl.* 73. The case finds that the deed was altered before it was delivered to the grantee, and therefore he is not responsible for the alteration, and cannot be injured thereby, having paid a good consideration therefor. *Chesley* vs. *Frost,* 1 *N. H. Rep.* 150.

*Handerson,* on the same side.

GILCHRIST, J. The 4th section of the act of February 10th, 1791, *N. H. Laws* 191, (*Ed. of* 1815,) provides that a deed, attested by two or more witnesses, acknowledged and recorded, shall be valid to pass land, and that no deed of bargain and sale, &c., shall be effectual in law, against any person but the grantor and his heirs, unless it be acknowledged and recorded.

This statute has been construed to declare what shall constitute a valid conveyance, but to contain no negative, either in its terms or in sense. *French* vs. *French,* 3 *N. H. Rep.* 263. In that case it is held that the statute in express terms recognizes " bargains and sales and other conveyances," and that it was not the intention of the legislature to abolish the modes of conveyance which had been in common use. The court decided that a deed signed by one witness only might operate as a covenant to stand seized, or as a bargain and sale, and thus pass the estate. To the same point is the case of *Pritchard* vs. *Brown,* 4 *N. H. Rep.* 397.

The first section of the act of June 29th, 1829, *N. H. Laws* 533, (*Ed. of* 1830,) provides that a deed, signed by two or more witnesses, acknowledged and recorded, shall be valid to pass land ; " and no deed of bargain and sale, &c., shall be good and effectual in law to hold such land, &c., *unless*

*executed in manner aforesaid.*" The section also enacts that no deed shall be effectual in law to hold such land against any person but the grantor and his heirs, unless it be acknowledged and recorded.

This section contains a negative clause, the absence of which in the act of 1791 was considered by the court, in *French* vs. *French*, as indicating that the legislature did not intend to abolish the modes of conveyance which had been in common use. But where a statute provides that no deed shall be good and effectual unless attested by two or more witnesses, as is done in effect by the statute now in force, the court cannot hold that a deed, not attested by two witnesses, shall be sufficient for any purpose. The language of the statute authorizes and requires us to decide that it was the intention of the legislature to abolish all modes of conveying land by deed, unless they should conform to this requisition. It is, therefore, unnecessary to inquire what would have been the effect of this deed at common law, as the statute has settled that it is of no validity whatever.

Nor is it necessary to inquire into the effect of placing the fictitious name upon the deed. If the instrument had been effectual to pass the title to the land, with the attestation of only one witness, it might, perhaps, deserve inquiry, whether the addition of the fictitious name would, under the circumstances, have avoided it. But the instrument being void as a conveyance of land, when the name was placed there, it could not well be made any thing less than void by this useless forgery, and therefore no question upon it can be raised.

*Judgment for the tenants.*