HASTINGS *v.* CUTLER & a.

Under the Revised Statutes, chap. 130, § 4, a mortgage deed of land, signed, sealed, acknowledged and witnessed by one witness, is sufficient to convey the title between the parties.

The grantee under such a deed will hold the land against a subsequent attachment and extent, if the creditor at the time of his attachment had notice of the deed.

If such a deed is recorded, and the creditor at the time of his attachment have actual notice of the record, this will be regarded as actual notice of the prior deed.

WRIT OF ENTRY, for land in Andover, in this county.

Plea, nul disseizin.

Both parties claim title under Erie W. Stewart, the plaintiff, by a mortgage deed, dated Jan. 1st, 1849, signed, sealed, witnessed by one witness, and recorded March 16th, 1849 : the defendants, under an attachment in mesne process, made by them in a suit against Erie W. Stewart, Jan. 25, 1851, and the extent of an execution on a judgment recovered in that suit, March term, 1851.

At the time of their attachment the defendants knew of the record of the mortgage deed from Stewart to the plaintiff, and the officer in his return of the attachment described the land as being the same that was described in a mortgage by Stewart to the plaintiff.

The case was submitted to the decision of the court on the foregoing agreed statement of facts.

*H. A. Bellows,* for the plaintiff.

*Pierce & Minot* for the defendants.

PERLEY, J. The statute of February 10, 1791, § 4, enacted that no deed of any greater estate than a term of seven years in any lands, tenements, hereditaments, should be " good and effectual in law to hold such lands, tenements or hereditaments against any other person or persons but the grantor or grantors

and their heirs only, unless the deed or deeds thereof be acknowledged and recorded," in the manner provided by that statute.

Under that statute it has been held that a deed not executed in the manner therein provided would convey the title of the grantor as against him and his heirs. *French* v. *French*, 3 N. H. Rep. 234; *Olmstead* v. *Niles*, 7 N. H. Rep. 526.

The statute of June 29, 1829, was in different terms, and expressly provided that no deed of any greater estate than a lease for seven years should be good and effectual to hold the lands, " unless executed in manner aforesaid ;" that is, unless the deed were signed, sealed and witnessed by two witnesses ; and then further provided that the deed should not operate except as against the grantor and his heirs, unless it was also acknowledged and recorded.

Under this statute of 1829 it has been decided that a deed is inoperative, even between the parties, unless it is signed, sealed and witnessed by two witnesses. *Stone* v. *Ashley*, 13 N. H. Rep. 38.

But the Revised Statutes, chap. 130, § 4, have substantially restored the provision of the statute of 1791. That section is as follows: " No deed of bargain and sale, mortgage, or other conveyance of any real estate, or any lease for more than seven years from the making thereof, shall be valid to hold the same against any person *but the grantor and his heirs only*, unless such deed or lease be attested, acknowledged and recorded according to the provisions of this chapter."

In this statute, as in that of 1791, the deed, *as to the grantor and his heirs*, is left to operate independent of the statute, and is sufficient to convey an estate under the statute of uses, with one witness or without any. We are, therefore, of opinion that the deed in this case was sufficient to convey the estate as between the parties.

If the defendants, when they made their attachment, had notice of the plaintiff's equitable title, they are charged with it, and cannot set up their title under the statute to defeat it.

Hastings *v.* Cutler.

As the deed in this case was not executed according to the statute, the registration as such is inoperative; that is to say, the registration is not constructive notice of the conveyance. But if by means of that registration of the defective deed, the defendants had actual notice of the plaintiff's title, they are charged with the notice as in other cases. The defendants, when they found the copy of the plaintiff's deed on record, must have understood that the intended record was to give information that such a deed had been made, and that the plaintiff claimed the land under it. This must be regarded as actual notice, such as every reasonable and honest man would feel bound to act upon. Whether notice to the officer who makes the attachment is to be considered as notice to the creditor who claims under the attachment, is a question of some difficulty, which it is not necessary to decide in this case. *Stanley* v. *Perley*, 5 Greenl. Rep. 369.