# STRAFFORD.

## DECEMBER TERM, A. D. 1852.

---

## BARKER *v.* BEAN & TR.

Under the Revised Statutes, ch. 134, § 1, providing for assignments made by a
debtor for the benefit of his creditors, an assignment, in order to its validity,
must be attested by two witnesses.

If it be not thus attested, the title to the real estate will remain in the debtor
and be subject to attachment, and the object of the statute would be defeated.

An assignment was attested by one witness only, and the plaintiff had notice
that an assignment had been made. He afterwards had notice of the defect,
and summoned the assignee as the trustee of the debtor. *Held*, that the trus-
tee was chargeable.

Where a deed is attested by one witness only, notice of the deed will not reme-
dy the defect in the attestation.

FOREIGN ATTACHMENT. The trustee disclosed that previ-
ous to the service on him of the plaintiff's writ, which was
served April 27th, 1850, the principal defendant conveyed to
him his property, real and personal, by a deed of assignment
dated that day; that the assignment on the trustee's part,
and, so far as he had any reason to believe, on the part of
the principal, was executed in good faith, and with no
fraudulent design or purpose; that after the service of the
writ, and on the same day, Bean delivered to the trustee
the personal property mentioned in the schedule annexed
to the deed of assignment; that before the plaintiff's writ
was served on the trustee, the plaintiff informed the trustee
that he knew of the assignment, and conversed with the

trustee in relation to its validity; the trustee also annexed to his disclosure, and adopted as part of it, the affidavit of Enos Bean, a copy of which is hereinafter given.

The plaintiff contended that as it appeared that the principal defendant had real estate, the assignment would be void under the statute, unless that was conveyed by the deed of assignment; that the deed, being witnessed by one witness only, was void as to the real estate, and the trustee was chargeable for the personal estate. The trustee contended that as the plaintiff had notice of the assignment before his writ was served, the conveyance was valid as to him, though witnessed by one witness only.

The following is a copy of the assignment:

"Know all men by these presents, that I, Enos Bean, of Dover, in the county of Strafford and State of New Hampshire, carpenter, in consideration of one dollar to me paid by Ezekiel Hurd, of said Dover, gentleman, and of the trusts herein expressed, do grant and assign to said Ezekiel Hurd all my property, estate, rights and credits of every description, (a schedule of the principal part thereof being hereto annexed,) to have and to hold the same, to said Ezekiel Hurd and his heirs, in trust, to sell and dispose of said property to the best advantage, and collect and convert into money the said debts and demands, and after deducting from the proceeds of said property the expenses incurred by said Ezekiel Hurd in transacting the business, and a reasonable compensation for his services, to divide and pay the said proceeds among all the creditors of said Enos Bean, in equal proportion to their respective claims.

The said Ezekiel Hurd agrees to execute said trust, being responsible only for his actual receipts or wilful defaults. The creditors whose names are subscribed agree to said assignment, and that this instrument shall be a release in full of all their claims, whenever their just proportion of the proceeds of said property shall be paid.

---

Witness our hands and seals the twenty-seventh day of April, A. D. 1850.

ENOS BEAN.　　[*Seal.*]
EZEKIEL HURD,　[*Seal.*]

Signed, sealed and delivered in presence of George T. Wentworth, at 11 minutes past 6 o'clock P. M., April 27, 1850."

Copy of the affidavit of Enos Bean, before referred to :

" I, Enos Bean, depose and say, that on the day when John Barker procured his suit against me in the action now pending in the court of common pleas, Strafford county, in which Ezekiel Hurd is summoned as trustee, and before said Barker sued out said writ, I saw said Barker, and had a conversation with him in relation to my affairs. I then told him that I had made an assignment of all my property for the benefit of all my creditors, and that Ezekiel Hurd was my assignee. When he first saw me, which was in the morning, soon after breakfast of the same day when he sued me, he said, ' What does this mean ? I understand you have assigned all your property to Judge Hurd ; is it so ?' I told him yes. He soon after went away, and in a short time returned and said, ' They tell me that your assignment is not good for anything, and you must not think hard of me if I sue you.' I told him he must do as he thought best. He then went away and sued me. This was on the morning of the 30th day of April, A. D. 1850.

ENOS BEAN.

*State of New Hampshire—Strafford, ss.　Sept.* 10, 1850. Subscribed and sworn to before me—

JOHN H. WIGGINS, *Justice of the Peace.*"

*C. W. Woodman,* for the attaching creditors.

I. The assignment of the defendant to the trustee is void, because it is not made in compliance with chap. 134

Rev. Stat. It does not provide for an equal distribution of the debtor's real estate among his creditors, because this assignment cannot have that legal operation within the purposes of the assignment law.

The assignment should operate as a perfect conveyance of all the debtor's interest in his real and personal estate, against everybody. The law intends that all the estate which the debtor owns should be put into the hands of the assignee, so that no one could defeat the just and equal distribution of the whole fund among the creditors. The conveyance is substantially to the creditors. The law intends that they shall share equally, and if the property is not so conveyed beyond the power of the debtor himself, or of any one creditor, to change this course or distribution, the assignment must be declared void. This assignment does not pass the real estate sufficiently, if at all, to answer the above purposes, not having two witnesses. If the trustee here was a purchaser in his own right, this conveyance could at best be good only against the grantor and his heirs. But the trustee stands in a different capacity. He is trustee, whose duty it is to sell and convey all the debtor's estate, and appropriate the same to the payment of his debts.

II. It is in the power of the defendant to deprive the creditors of all this real estate after having made this assignment, by making sale thereof to a third person. The recording a deed not properly witnessed, is notice to nobody of the existence of such deed—not even constructive notice. The object of the law, and of this assignment, might thus be defeated by the mere act of the debtor, and in doing which he would have an immediate interest. *Montgomery v. Dorion*, 6 N. H. Rep. 250.

III. A creditor could attach the defendant's real estate and hold it for the same reason.

The disclosure in this case states that the real estate of the defendant was attached after the assignment. Such in-

deed is the fact, in several suits, and if deemed material, we pray that the case may be amended so as to show this fact.

After such assignment, a debtor could prefer any creditor by directing him to attach his real estate, not imparting to him any notice of his assignment. A conveyance for the benefit of creditors must be according to the established rules of conveyancing. *Woodward* v. *Marshall & Tr.,* 22 *Pick.* Rep. 473; Rev. Stat. ch. 130 §§ 3, 4.

The assignment act (chap. 134,) does not dispense with any of the former requisites for the conveyance of property, but it adds some new requisites to the common law assignments before practised.

This chapter should be construed with chapter 130, so that each in every particular may take effect.

The legislature have rigidly adhered to requiring two witnesses to deeds, while some other States require only one. Sound policy demands that this should not be dispensed with nor frittered away. If the transaction is fair, if the vendor fears no scrutiny, why not procure two witnesses, who are always easy to be obtained? *Stone* v. *Ashley,* 13 N. H. Rep. 42.

*Christie & Kingman,* for the plaintiff.

It appears by the original disclosure of the trustee in this case, that Bean's real estate was attached by several of his creditors immediately after the execution of the assignment, in suits against Bean that are now pending in court; and by the officers's return on the writ in this case, that said real estate was attached thereon. The plaintiff's counsel intended to have these facts appear in the case, and propose to move the judge who drew the case, so to amend the same that these facts may appear, should they be deemed material, as it is thought they may be. And we desire that the case may be examined and considered as though these facts appeared.

I. Our first position is, that the assignment, having but

one witness, is not sufficient to enable Hurd, the assignee, to hold Bean's real estate against any person but said Bean and his heirs only, however it may be as to them; and that Bean's creditors might (as they did) notwithstanding the assignment, attach, and may hereafter levy upon and hold said real estate. And for this we rely upon the express and very clear provisions of the Revised Statutes upon the subject.

By § 3 ch. 130, it is enacted that " every deed or other conveyance of real estate shall be signed and sealed, attested by two witnesses," &c. Sec. 4 provides that " no deed of bargain and sale, mortgage, or other conveyance of real estate, &c., shall be valid to hold the same against any person but the grantor and his heirs only, unless such deed, &c., be attested, &c., as above provided."

Here is both the affirmative provision that every deed *shall be attested* by two or more witnesses, and the negative provision that no deed not so attested shall be valid, &c., but against the grantor and his heirs only. No language could be more direct and explicit to sustain our position. As bearing on this matter we refer to *French* v. *French*, 3 N. H. Rep. 234; *Stone* v. *Ashley*, 13 N. H. Rep. 38.

II. The assignment is not good to pass the estate as against the grantor or assignor, Bean.

There was no livery of seizin, nor any pecuniary consideration, nor any consideration of blood or marriage. And we submit that for these reasons the assignment is not a sufficient and effectual conveyance of any kind known to the common law, even against the grantor, &c., or under the *nisi* clause of the statute, which certainly creates no new mode or species of conveyance, but only leaves the common law to operate as far as it may in the case embraced within the exception.

III. But it is said, and relied on as a ground on which to sustain and give effect to this conveyance of the real

estate, otherwise seemingly admitted to be ineffectual, that the plaintiff had notice of the assignment before he attached, and therefore it is good and effectual against him and his attachment; that is, that a creditor's having notice that his debtor has executed a deed of his real estate that is wholly insufficient and ineffectual in law to pass the same to his grantee, or to enable him to hold it against any person or any body but the grantor and his heirs only, makes such deed good and effectual against such creditor, and prevents his attaching and holding the property, as he might do if he had not heard of such defective conveyance. In short, that notice of a bad and insufficient conveyance converts it into a good and effectual one, as against a *bona fide* creditor. having such notice. This, we think, cannot be maintained.

IV. If the assignment is not good and effectual to convey the real estate, as against all persons, it cannot be held good for the personal estate. This follows clearly from the terms and provisions of the statute regulating assignments. It requires that the assignment shall provide for an equal distribution of all the debtor's estate, rights, &c., among all his creditors, in equal proportions, &c. If an assignment only conveys effectually personal estate, when there is real, it clearly does not comply with this provision of this statute. An assignment which does not effectually convey to, and place in the hands of the assignee, beyond the reach of attachments, or subsequent conveyances by the assignor, is surely not a compliance with the spirit or intention of the statute; which is a *pro rata* distribution of all the debtor's estate among all his creditors. Even if the conveyance can be held good against the assignor, it cannot be a compli-. ance with the spirit and purposes of the statute; as it would leave the real estate open to be seized and held by favored creditors, who would be likely to be first informed, and then to attach, which would defeat the equal distribution of the property. All the salutary and beneficial purposes of the statute will be defeated, unless it be held that a debtor who

Barker *v.* Bean.

undertakes to avail himself thereof, shall, by a conveyance, good against himself and all others, convey his property to his assignee. No part of his property is to be so imperfectly conveyed that he can make a subsequent effectual conveyance thereof, or that any one or more of his creditors may seize and hold the same, to the prejudice of all the others.

*Wiggins*, for the trustee.

The principal question raised by the disclosure of the trustee relates to the assignment from Bean, the principal defendant, to the trustee. Is that assignment valid? The assignment is made under chap. 134 Revised Statutes.

Under this chapter, in order to make a valid assignment, it must provide for an equal distribution of all the estate, rights and credits of the debtor among all his creditors, in equal proportion to their respective claims; and the person making the same must make oath that he has placed and assigned, and the true intention of his assignment is to place in the hands of his assignee all his property of every description, except such as is by law exempt from attachment and execution, to be divided among all his creditors, in proportion to their respective claims.

These are the only essential and material requisites, under our statute, to render an assignment, by a debtor of his property for the benefit of his creditors, valid and binding. Assignments of this character are comparative strangers to the common law, and are chiefly regulated by statute law. Our statute seems to cover all the requirements thought necessary by the legislature to regulate such transactions.

The assignment in the case at bar fully complies with all the requirements of our statute, and it may be here noted that before the plaintiff brought his suit, he had actual notice of the assignment, and that the assignee had accepted the trust.

The only objection to the assignment is, that the execu
tion is attested by only one witness.   To sustain this objec-
tion, it is said that chapter 130 of the Revised Statutes re-
quires that a conveyance of real estate must be attested by
two witnesses at least.   Undoubtedly it is so as to every·
kind of conveyance to which that chapter refers.   But the ·
chapter can have no reference to any proceedings in relation
to assignments by debtors, for the benefit of their creditors,
because that is specially regulated by another distinct and
independent statute.   What effect this general statute might
have, if there was no special enactment in relation to assign-
ments, we are not called upon to consider.

In the view we take of this subject, if the provisions of
chapter 134 are complied with, as to providing for an equal
distribution, and the oath of the party is in proper form, no
particular forms of writing, manner of execution, or attesta-
tion are necessary.  If the transaction is *bona fide* and hon-
est, the instrument plain and intelligible, embracing the re-
quirements of the statute, and followed by a delivery of the
property and an acceptance of the trust by the assignee,
we think it sufficient.   No single reason which is given for
requiring two or more witnesses, registry, &c., in regard to
deeds, exists in reference to this kind of assignment, except,
perhaps, that of fraud, and that is expressly provided for in
another way by the statutes, namely, the debtor's oath.

The estate and property of the debtor, for the purposes of
the assignment, goes to the assignee by implication of law,
upon his acceptance of the trust.

Suppose the assignee, appointed by an assignment under
this statute, should decline the trust and refuse to act, has
any right or title to the debtor's property or estate passed to
such assignee ?

Or if the property assigned should turn out more than
sufficient to pay all the creditors and the cost and expenses
of the assignment, would any other form, on the part of
the assignee, than that of delivery of the personal property,

be required to give the debtor the right and title to the entire residue ?

Our statute is more in the nature of a bankrupt or insolvent law, by which a bankrupt's property and estate passes to the assignee by the mere operation of the law, without any particular form of transfer; ours being different from most others in the fact that the debtor is his own court, declares himself bankrupt, and appoints his assignee, and places his property in his hands for distribution, and that the assignee can accept and act without giving any bonds or security.

But these two chapters, 134 and 130, are distinct from and independent of each other. *Guilford* v. *Childs*, 22 Pick. 434.

And here I desire to call the attention of the court to some peculiarities of our statute, which seem to sustain my view in relation to it, namely, the absence of such words as *convey, use, trust* and *trustee.* The oath required is, that the debtor has *placed* and assigned, and the true intention of his assignment is to *place* in the hands of his assignee, &c.

In other states, in this kind of statutes are found the words *convey, use, trust, &c.* The Massachusetts statute of 1836 was, " Any debtor may assign and *convey* his property to his creditors, or to one or more assignees or trustees, for the use of his creditors," &c.

The oath by the same statute is, that the debtor, by the assignment, has conveyed, &c.

Again, the statute of Massachusetts, in relation to the conveyance of real estate, is the same as ours; yet recording the assignment under the statute of 1836, was held not to be necessary. *Guilford* v. *Childs*, 22 Pick. 434.

A deed is not the only way by which titles may be acquired. Title may be acquired by statute, without deed. *Bigelow's Digest*, 184.

The plaintiff, in the case at bar, brought his suit with full knowledge of the assignment, and his object is to obtain

preference of his claims over those of other creditors. Such a course finds no favor with the law.

The assignment is good against Bean, the principal defendant, and covers all his estate for the benefit of his creditors, the only persons who have any interest in the matter. No one can be injured if this assignment be held good, and least of all can the plaintiff complain.

Assignments of this character have often been commended by courts, and regarded with favor by the commercial community. They are considered as the dictate of prudence, alike beneficial to the creditor and debtor.

GILCHRIST, C. J. The question in this case is, whether an assignment of all a debtor's property, real and personal, the execution of which is attested by one witness only, be valid against a subsequent attaching creditor who has notice of the assignment.

Neither the act of July 5th, 1834, nor § 1, ch. 134 of the Revised Statutes, prescribe the form of assignments farther than to provide that " no assignment, made for the benefit of the creditors of any debtor making the same, shall be valid unless it provides for an equal distribution of all the estate, rights and credits of such debtor, among all his creditors, in equal proportion to their respective claims." It is very evident that an assignment must be in writing, and must be signed, for it must be sworn to, according to the form given by the statute. Whether it must be under seal, and how many witnesses must attest it, are questions which must be determined upon an examination of the requisitions of other statutes.

The Revised Statutes, ch. 130, § 4, like the statute of 1829, (N. H. Laws, 1830, page 533,) provide that no deed of conveyance of real estate shall be valid to hold the same against any person but the grantor and his heirs only, unless such deed is attested by two or more witnesses. The case of *Stone* v. *Ashley*, 13 N. H. Rep. 43, is an authority, could

Barker v. Bean.

any be required, that the want of two witnesses is a defect as to any body but the grantor and his heirs; fatal as to creditors, fatal as to *bona fide* purchasers. This assignment purports, on its face, to be a conveyance of real estate. We cannot, since the decision in *Stone* v. *Ashley*, hold that the land can be conveyed to the trustee by such an instrument. The object of the statute was, that the assignment should provide for an equal distribution of all the estate of the debtor among all his creditors. If the real estate be not conveyed, the object of the statute will be defeated. Any creditor may then gain a preference over the rest by attaching it. If it were to be holden that a deed of assignment, attested by one witness only, could be valid for any purpose, because the parties intended to comply with the statute, the inequalities and undue preferences which the statute was designed to guard against, could not be avoided. The favored creditors would secure their claims by attachments of the property not effectually conveyed. We should thus have a preference by an attachment, instead of the preference formerly provided for by the assignment itself. The statute never intended that deeds of assignment might be valid only in part. It never was meant that a part of the debtor's property should be conveyed, while the title to the remainder would remain in him, owing to the defect of execution of the assignment.

The fact that the plaintiff had notice of the assignment is entirely immaterial. He had notice, it is true, that the defendant had made what purported to be an assignment of all his property, but he had notice, at the same time, that the assignment was invalid. He has merely made use of the rights given him by law, and has availed himself, for his own benefit, of the defect in the conveyance. No reason occurs to us why he might not properly take advantage of this defect, whether it came to his knowledge before or after he made his attachment. The deed being invalid, the prop-

erty did not pass to the assignee, and was subject to be attached by the plaintiff.

By the act of 1829, (N. H. Laws, 533, ed. of 1830,) it was provided that a deed, signed and sealed by the grantor, and " signed " by two or more witnesses, acknowledged and recorded, should be valid to pass the land without any other act or ceremony. Also that no deed should be good and effectual in law to hold land, " unless executed in manner aforesaid ;" nor should it be good and effectual in law to hold land against any other person but the grantor, unless it were acknowledged and recorded. It was under this act that it was held in *Stone* v. *Ashley,* before cited, that a deed, attested by one witness only, was not valid even against the grantor.

But the want of a record may be cured by notice of the deed. We have held in *Rogers* v. *Jones,* 8 N. H. Rep. 264, that if a party be chargeable with actual or constructive notice of the existence of the prior conveyance, such notice will have the same operation in this case as a record.

By the fourth section of chapter 130 of the Revised Statutes, it is enacted that no deed shall be valid to hold land against any person but the grantor and his heirs only, unless it be " attested, acknowledged and recorded according to the provisions of this chapter." It is to be noticed that the word " attested," used in this statute, does not appear in the same connexion in the act of 1829. The attestation has a force given it which does not appear in the former act. But as it appears in connexion with the acknowledgment and record, and as the want of a record may be supplied by a notice, it may be argued that a want of the statutory attestation may be cured by actual notice of the deed.

At common law, the attestation is not a thing essential to the deed itself, but it only constitutes the evidence of its authenticity. 4 Cruise 32, § 81. It is made essential, however, by our statute, but its object is not, like the record, to give notice to persons interested, of its existence. In our

statute there is nothing but the mere collocation of the words that places the attestation on the same footing as the record, and we are not aware of any decision that actual notice will supply the want of it. The same reason for giving it this force does not exist as in the case of the record; and there is nothing in the Revised Statues that induces us to suppose the Legislature intended so materially to change the law. The notice, therefore, was immaterial.

*Trustee charged.*