## ADAMS *v.* RICE.

A chattel mortgage is good between the parties as to articles inserted in it by them after its execution.

CASE, for selling chattels mortgaged by the plaintiff to the defendant before condition broken, with a count in trover for the Robie horse and a dump-cart. Writ dated July 13, 1886. April 20, 1886, the plaintiff executed and delivered to the defendant a mortgage of a gray horse, a black horse, and other chattels to secure the payment of his promissory note of that date for $336, payable to the defendant or order six months from date with interest annually. It was recorded April 22. May 18, 1886, the plaintiff, without the defendant's consent or knowledge, exchanged with Robie the black horse for another horse and $100, and of the money so received paid $50 for a dump-cart, and the remaining $50 to the defendant to be applied on his note, who gave him a written discharge of her claim on the black horse under the mortgage; and the parties thereupon inserted in the mortgage, which was not reëxecuted, the words " also one black horse six years old bought of Robie and one dump-cart." A few days afterwards, the plaintiff, while intoxicated, having exchanged the gray horse for another horse of much less value without the defendant's consent, after becoming sober requested her to take the gray horse on her mortgage, which she did; and on the 9th day of June she directed one Varnum, on whose premises the property was kept, to take possession of all the mortgaged property. He did so, but did not move it or notify the plaintiff of his action. June 12, the defendant, without informing the plaintiff of her purpose, advertised the property for sale June 18, on the mortgage, " for conditions broken." June 14 the plaintiff saw one of the hand-bills, and this was the first information he received of the seizure or of the defendant's purpose to sell the property. June 15 the plaintiff served on the defendant and on the auctioneer a written notice, stating that the condition of the mortgage was not broken, and forbidding them to sell any of the property. On the same day he demanded the Robie horse of the defendant. June 18 he attended and forbade the sale. All the property, including the Robie horse and dump-cart, was sold. The net avails, after deducting the reasonable cost of getting possession of the gray horse, taking and keeping the property, and the expenses of the sale, were more than sufficient to pay the amount due on the note, including interest. The damages under the count in trover were assessed at $150, and under the counts in case at $100, with interest thereon from June 18, 1886.

*Briggs & Huse*, for the plaintiff.

*G. A. Little, J. P. Bartlett,* and *Sulloway & Topliff,* for the defendant.

SMITH, J. When the mortgage, as originally executed and recorded, was changed by the insertion of words descriptive of the Robie horse and cart, it became a new mortgage as to those chattels (if not as to all the chattels), and valid between the parties, although no new affidavit was made and subscribed upon or appended to the mortgage and recorded therewith. G. L., c. 137, ss. 6, 10; *Gooding* v. *Riley,* 50 N. H. 400; *Clark* v. *Tarbell,* 57 N. H. 328. How the rights of the mortgagor's creditors were affected by the change there is no occasion to inquire.

The defendant had the legal right to take the mortgaged chattels into her possession before condition broken for the purpose of preserving her security, and her reasonable expenses in caring for and preserving the property would become a charge upon it. The title to the property was in her, subject to be defeated by the payment of the mortgage debt. But, while the mortgagee's possession was lawful, she could not sell the property, except by consent, until thirty days from time of condition broken. G. L., c. 137, s. 19. The condition was not broken until six months from April 20, 1886, the date of the note secured, and the plaintiff had the right under the statute during the thirty days after the note matured to redeem. This right would be defeated if the mortgagee could in the meantime sell the property: or, if not defeated, and if the mortgagor could pursue and recover it from the purchasers, he ought not to be subjected to the trouble, expense, and vexation of following it in the hands of perhaps widely scattered claimants. As the sale by the defendant was premature and against the plaintiff's objection, she is liable to him in damages under the count in case. The count in trover is not sustained.

*Case discharged.*

CARPENTER, J., did not sit: the others concurred.