### McMURPHY v. ADAMS, *Adm'r.*

A mortgagee cannot question the validity of a prior mortgage valid between the parties to it, and to which his mortgage is in express terms subject.

BILL IN EQUITY, by the holder of a second mortgage to redeem from the holder of the first mortgage in possession. Facts found by the court. The defendant's mortgage was originally made to secure a note for $547. After its execution the defendant's intestate loaned the mortgagor $100 more, surrendered the note for $547 and took a new note for $647. The condition of the mortgage was changed to correspond with the new note, and it was then recorded. Afterwards the plaintiff took his mortgage, which was made expressly subject to the defendant's mortgage for the security of the note for $647. The court ruled that in order to. redeem, the plaintiff must pay the amount due upon the $647 note; and the plaintiff excepted.

*Crawford & Pillsbury*, for the plaintiff.

*Greenleaf K. Bartlett*, for the defendant.

WALLACE, J. The mortgage, when the last $100 was loaned, was changed from a mortgage securing the payment of $547 to one securing the payment of $647, and was redelivered. The payment of this $100 was not a future advancement, as both the note and the mortgage, as changed, called for the payment of $647—the exact amount which the mortgagee had loaned the mortgagor at the time of the redelivery of the mortgage. It is urged against the mortgage that it was not acknowledged and recorded in accordance with ss. 4 and 7 of c. 121 of the Gen. Sts. It was good between the original parties to it, and against others who had notice of it. *Montgomery* v. *Dorion*, 6 N. H. 250; *Stevens* v. *Morse*, 47 N. H. 532; *Gooding* v. *Riley*, 50 N. H. 400, 405; *San-*

*born* v. *Robinson*, 54 N. H. 239; *Moore* v. *Kidder*, 55 N. H. 488, 496; *Adams* v. *Rice*, 65 N. H. 186.

The plaintiff had notice in his deed of the existence of the first mortgage and its amount, and took his mortgage claim upon the express stipulation that it was subject to the first mortgage, and that the first mortgage was given to secure a note of $647; and there is no reason why, in redeeming, he should be relieved from paying the full amount due on the $647 note. *Flanders* v. *Jones*, 30 N. H. 154, 161, 163; *True* v. *Congdon*, 44 N. H. 48, 58.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.