Cheshire, }
Jan. 6, 1905. }

## BUTLER & a. v. WHEELER & a.

An unrecorded conveyance of real estate is not valid as against a levy upon the interest of the grantor's heir-at-law by creditors who have neither actual nor constructive notice of the grantee's title.

The mere possession of real estate is not sufficient to charge an attaching creditor of the apparent owner with notice of the possessor's title, unless the property is of a character to admit of open, visible, and continuous possession, and the claimant's occupancy of the premises is exclusive, unambiguous, and not liable to be misunderstood or misconstrued.

PETITION FOR PARTITION. Facts found, and case transferred from the April term, 1904, of the superior court, by *Chamberlin*, J.

January 5, 1885, Russell H. Davis owned and was in possession of the premises described in the petition. On that day he gave Porter Darling a bond to convey the premises to him by a quitclaim deed, on the first day of the following April, upon the pay-

ment of $208. Darling made the payment, but no deed was ever given to him. Davis died in 1889, leaving surviving him a widow, a daughter, and a son, George H., all of whom are defendants. March 30, 1900, the plaintiffs levied an execution, previously recovered by them against George H. Davis, upon $\frac{12753}{15000}$ of an undivided third part of the premises. The execution and return of levy were duly recorded in the registry of deeds on April 2, 1900. September 24, 1901, Wheeler and Carver, two of the defendants, levied executions recovered by them severally against Porter Darling, upon parts of the premises, described by metes and bounds.

From 1881 to the date of Darling's bond, Russell H. Davis occupied the premises as a pasture. From the latter date until 1901 or 1902, Darling's only occupation and possession was to pasture his horses there, to go upon the premises in the spring and at different times during the summer, and to fix the fences from time to time. After the death of Russell H. Davis, and during the remainder of the period last mentioned, George H. Davis pastured cattle on the premises, and went there frequently to salt and look after the stock. The plaintiffs lived near the premises until about 1897. They knew of Russell H. Davis' ownership and possession of the premises between 1881 and 1885. Before bringing their action against George H. Davis, in which the execution was obtained, one of the plaintiffs searched the records of the registry of deeds and ascertained that the title to the premises appeared to be in Russell H. Davis at the time of his death. They did not know that Darling claimed to own the premises or any interest in them prior to the filing of this petition. One of them knew that Darling went there, pastured horses there, and at times fixed the fences. They also knew that George H. Davis pastured cattle there for a number of years.

The court found that there was no such open, visible, and notorious possession of the premises by Darling as would put reasonable men upon inquiry, unless, as matter of law, the plaintiffs' knowledge of Darling's pasturing horses there and repairing fences, between 1885 and 1897, as above described, was sufficient to put them, as reasonably prudent men, upon inquiry. Upon a consideration of these facts, the court found that the plaintiffs are owners of the fractional part of the premises mentioned in their levy, and are entitled to partition.

*Cain & Benton*, for the plaintiffs.

*F. D. E. Stowe* (of Vermont), for the defendant Wheeler.

*Waterman & Martin* (of Vermont), for the defendant Carver.

Chase, J.   The statutes provide that "all the debtor's interest" in real estate levied upon "shall pass by the levy as against all persons" if the levy is duly recorded.   P. S., c. 233, s. 13.   The defendants take the position that Darling was the equitable owner of the land in question after he paid Russell H. Davis for it in accordance with the provisions of the bond, and consequently that upon Davis' death nothing descended from him to his son, George H., excepting perhaps the legal title, and this for the benefit of Darling; that George H. had no "interest" in the land that would pass by the levy.   It is true that Darling had an equitable interest in the property which was good as against Russell H. Davis and his heirs, and persons otherwise claiming under him with actual or constructive notice of Darling's interest.   But as to *bona fide* purchasers from and attaching creditors of Russell H. Davis, without such notice, he remained the owner of the property, by virtue of the statute which provides, in substance, that no conveyance of real estate "shall be valid to hold the same against any person but the grantor and his heirs only," unless it is duly executed and recorded in the registry of deeds of the county in which the real estate is situate.   P. S., c. 137, s. 4; *Whittemore* v. *Bean*, 6 N. H. 47; *Moore* v. *Kidder*, 55 N. H. 488; *Earle* v. *Fiske*, 103 Mass. 491.   George H. Davis is not seeking to hold the property by reason of heirship, but his creditors are seeking to hold it by reason of his apparent title as an heir to his father, in whom the title was apparently.   The case is governed by this statute.   Every reason for holding that Russell H. Davis' apparent title would take precedence of Darling's equitable title, as against a purchaser or attaching creditor without notice, applies in respect to George H. Davis' apparent title.   The registry law cannot be upheld in any other way.

Another question discussed by the parties is whether the plaintiffs' knowledge of Darling's acts upon the premises was, as matter of law, sufficient to put the plaintiffs upon inquiry regarding Darling's rights in the property.   To render possession of property sufficient to charge the purchaser of it from a third person having an apparent title, or an attaching creditor of such person, with notice of the true state of the possessor's adverse title, the possession must be such as to make the inference of notice not merely probable, but necessary and inevitable.   The property must be of a character to admit of open, visible, and continuous possession, such as buildings and improved lands; and the possession must be exclusive and unambiguous, not liable to be misunderstood or misconstrued.   *Bailey* v. *Carleton*, 12 N. H. 9, 18; *Emmons* v. *Murray*, 16 N. H. 385; *Bell* v. *Twilight*, 22 N. H. 500, 519, 520; *Patten* v. *Moore*, 32 N. H. 382; *Janvrin* v. *Janvrin*, 60 N. H. 169,

173; *Galley* v. *Ward*, 60 N. H. 331. If the land in suit, being pasture land, possessed the requisite character in this respect (a question that has not been considered), it is clear that Darling's possession of it was not sufficiently exclusive and unambiguous to warrant an inference of notice of his title as matter of law. At the time of the plaintiffs' levy, March 30, 1900, and for ten or eleven years prior thereto, both Darling and George H. Davis exercised possessory acts of a similar nature upon the property, the former pasturing his horses there and repairing fences, and the latter pasturing his cattle there and going there frequently to salt and look after them. Darling's pasturing of the premises between 1885 and 1889, although the only possession shown during that period, was of an ambiguous and equivocal character when considered in connection with the subsequent acts. Under the circumstances, the question of notice was rightly treated as a question of fact, and the decision of it is not subject to revision here.

It follows from the superior court's finding upon this question of fact and the views above expressed, that the titles of the defendants Wheeler and Carver are invalid as against the plaintiffs only; that as against the widow and heirs of Russell H. Davis they are valid. The orders of the superior court should be modified accordingly.

*Case discharged.*

All concurred.