Rockingham
No. 82-173

CONTINENTAL CABLEVISION OF NEW HAMPSHIRE, INC.

v.

OSGOOD LODGE #48 I.O.O.F. BUILDING ASSOCIATION & a.

March 28, 1983

216

*Shaines, Madrigan & McEachern,* of Portsmouth (*Paul Mc-Eachern* and *Gregory D. Robbins* on the brief, and *Mr. Robbins* orally), for the plaintiff.

*Taylor, Gray & Keane P.A.,* of Portsmouth (*Douglas R. Gray* on the brief and orally), for the defendant Osgood Lodge #48 I.O.O.F. Building Association.

*Upton, Sanders & Smith,* of Concord (*Gary B. Richardson* on the brief and orally), for the defendant Grand Lodge of New Hampshire, I.O.O.F.

KING, C.J.  This appeal arises out of a petition for specific performance of an option to purchase a multi-story building for a fixed price, which was included in a lease. The defendants appealed a superior court order approving the recommendation of a master that specific performance be granted. We reverse and remand.

On January 7, 1971, the defendant Osgood Lodge #48 I.O.O.F. (Independent Order of Odd Fellows) Building Association (Osgood

Lodge) leased to the plaintiff, Continental Cablevision of New Hampshire, Inc., the first floor of Osgood Lodge's building in Portsmouth, for a five-year term at a fixed rental of $700 per month. The lease contained a clause granting the plaintiff an option to purchase the building at the fixed price of $85,000. This option to purchase was to be effective when three years of the lease term had expired.

When the five-year term expired, the lease was renewed for another five-year term. In November 1980, when the second five-year term was nearing completion, the plaintiff attempted to exercise the purchase option. Osgood Lodge refused to execute a purchase-and-sale agreement, as required by the terms of the lease, because it was unable to obtain the consent of the defendant Grand Lodge of New Hampshire, I.O.O.F. (the Grand Lodge). The consent of the Grand Lodge was required by section 547 of the Code of General Laws of the Independent Order of Odd Fellows (Odd Fellows Code), which provided in pertinent part: "Subordinate Lodges shall be required to obtain the consent of the Grand Lodge if in session, or the Grand Lodge Trustees or the Executive Committee of said Grand Lodge during recess, prior to the sale and/or disposition of the real property of a subordinate lodge."

A copy of section 547 of the Odd Fellows Code was recorded in the Rockingham County Registry of Deeds in June 1957, approximately fifteen years before the execution of the lease. It was indexed under the name of the Grand Lodge. The plaintiff's lease was also recorded in the Rockingham County Registry of Deeds, and apparently was indexed under the name of Osgood Lodge.

The plaintiff brought a bill in equity in superior court, seeking specific performance, to compel Osgood Lodge to convey the property in accordance with the terms of the lease. The plaintiff also sought damages due to the refusal of Osgood Lodge to convey the property. The Grand Lodge was also named as a defendant.

The case was referred to a Master (*H. Alfred Casassa*, Esq.), who recommended that the plaintiff's request for specific performance be granted. Although he recognized that the consent requirement was not an invalid restraint on alienation, he indicated that the plaintiff should prevail because it was a "third party purchaser without notice" of the Grand Lodge's interest and was therefore protected by the recording statute, citing "RSA 477:7" as his authority. The master recommended that the Grand Lodge be ordered to consent to the conveyance to the plaintiff and that Osgood Lodge be ordered to convey the property in accordance with the terms of the lease. His recommendations were approved by the Superior Court (*Pappagianis*, J.).

Both Osgood Lodge and the Grand Lodge appealed the decision of the superior court. They argue that RSA chapter 477 does not protect the plaintiff because it is not a bona fide purchaser for value as required by the statute. They also contend that the granting of specific performance was inappropriate because it would violate section 547 of the Odd Fellows Code.

The Independent Order of Odd Fellows (I.O.O.F.) is a fraternal organization organized under RSA chapter 292 (Voluntary Corporations and Associations). The I.O.O.F. is organized in a lodge system, and the Odd Fellows Code governs all lodges in New Hampshire.

Both RSA 477:3-a (Supp. 1979) and RSA 477:7 require the recording of certain documents and provide that documents not so recorded are ineffective against particular persons. We will examine both statutory provisions to determine whether they protect the plaintiff from the effect of section 547 of the Odd Fellows Code. RSA 477:3-a (Supp. 1979) provides:

> "Every deed or other conveyance of real estate and every court order or other instrument which affects title to any interest in real estate, except probate records and tax liens which are by law exempt from recording, shall be recorded at length in the registry of deeds for the county or counties in which the real estate lies and such deed, conveyance, court order or instrument shall not be effective as against bona fide purchasers for value until so recorded."

RSA 477:7 provides:

> "No deed of bargain and sale, mortgage nor other conveyance of real estate, nor any lease for more than seven years from the making thereof, shall be valid to hold the same against any person but the grantor and his heirs only, unless such deed or lease be attested, acknowledged and recorded, according to the provisions of this chapter."

Although RSA 477:7 states that it protects "any person," as opposed to RSA 477:3-a (Supp. 1979) which protects "bona fide purchasers," the language of RSA 477:7 has been interpreted as protecting "bona fide purchasers" and "attaching creditors" without notice. *Butler v. Wheeler*, 73 N.H. 156, 158, 59 A. 935, 935 (1905). Assuming, for the purpose of this discussion, that the Grand Lodge's right to consent to the sale of property of a subordinate lodge was an interest in realty that was required to be recorded under either RSA 477:3-a (Supp. 1979) or RSA 477:7, the plaintiff was not protected by

the recording statute because it was neither a bona fide purchaser nor an attaching creditor.

■■ A party is not a bona fide purchaser if he has notice of the interest of a prior claimant before he has paid consideration for his purchase. *Patten v. Moore,* 32 N.H. 382, 387 (1855); 92 C.J.S. *Vendor and Purchaser* § 322, at 217 (1955) (one claiming under an option to purchase who has not paid the purchase money is not a bona fide purchaser). In the present case, the plaintiff has not yet paid the $85,000 agreed-upon purchase price of the building and has knowledge of the Grand Lodge's right to consent to the sale of real property by a local lodge. Although the plaintiff has paid $700 per month rent, this was not paid for the purchase of the building, but for the leasing of part of the building, and for the option to purchase. *See* 49 AM. JUR. 2d *Landlord and Tenant* § 367, at 382 (1970). Because the plaintiff did not pay to Osgood Lodge the purchase price of the building before receiving notice of the Grand Lodge's rights, it is not a bona fide purchaser under the statute. The plaintiff does not claim to be an attaching creditor.

We must now determine whether specific performance was an appropriate remedy for the superior court to order in this case. The plaintiff argues that this issue is not properly before us, because it contends that the issue was not raised in the proceedings before the master. After reviewing the pleadings and the record of the proceedings, we conclude that they show that the defendants did raise the issue of the appropriateness of specific performance by arguing that specific performance should not be granted because it would violate section 547 of the Odd Fellows Code.

■■ Generally, in cases involving real estate, specific performance will be granted to enforce a contract for the sale of property unless there are circumstances which make it inequitable or impossible to do so. *Belrose v. Baker,* 121 N.H. 48, 50, 426 A.2d 454, 456 (1981) (citations omitted). In this case, the superior court erred in granting specific performance. In *Grand Lodge v. Union Lodge,* 111 N.H. 241, 279 A.2d 590 (1971), we held that the consent provision of section 547 of the Odd Fellows Code did not constitute an invalid restraint on alienation, and was enforceable as a contractual obligation of the local lodge. Specific performance is an inappropriate remedy when performance by the contracting party, as in this case, Osgood Lodge, is subject to the consent of a person not a party to the contract; namely, the Grand Lodge. *Allen v. Allen,* 235 So. 2d 788, 791 (Ala. 1970); *Hines v. Stitt,* 36 Colo. App. 249, 253, 540 P.2d 1104, 1106 (1975); *Brand v. Lowther,* 285 S.E.2d 474, 479 (W. Va. 1981); *see Davis v. Health Development Company,* 558 P.2d 594, 596 (Utah

1976). This is particularly true when the third party has no knowledge of the execution of the contract or lease. *See Brand v. Lowther*, 285 S.E.2d at 480.

In this case, the evidence at trial indicated that the Grand Lodge had no knowledge of the existence of the lease, let alone the option-to-purchase clause. Because the granting of specific performance required the superior court to order the Grand Lodge to consent to the conveyance, it was an inappropriate remedy.

*Reversed and remanded.*

All concurred.