## In re BERTHOLET ENTERPRISES, INC., Debtor.

**Dennis G. BEZANSON, Esquire, Trustee, Plaintiff,**

**v.**

**The LACONIA SAVINGS BANK and Gilbert Lambert, Defendants.**

**Bankruptcy No. 86–282.
Adv. No. 87–19.**

United States Bankruptcy Court, D. New Hampshire.

Dec. 29, 1987.

Dennis Bezanson, South Portland, Me., Trustee.

Robert Dietz, Laconia, N.H., John Shyavitz, Haverhill, Mass., for defendants.

### MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This adversary proceeding involves a Complaint by a bankruptcy trustee to determine the validity, priority, and extent of a lien. The Complaint raises the issue

---

whether a certain mortgage deed was properly executed and acknowledged by the debtor in accordance with the law of the State of New Hampshire, such that the trustee has no power to avoid a lien by defendant Laconia Savings Bank. The matter is presently before the Court upon the parties' cross-motions for summary judgment.

The bankruptcy trustee had also filed this Complaint against Gilbert A. Lambert claiming an invalid mortgage and requesting the Court to declare the mortgage avoidable pursuant to § 544(a). The trustee had advised that he withdraws the request for relief as to Gilbert A. Lambert. Thus, the only defendant remaining before the Court is The Laconia Savings Bank.

On June 20, 1986, the debtor, Bertholet Enterprises, Inc., filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code. The case was converted to chapter 7 on February 4, 1987. As of the date of filing, the debtor was the owner of certain real estate conveyed to the debtor by Gilbert A. Lambert by Warranty Deed dated August 1, 1985 but recorded August 9, 1985. Defendant Laconia Savings Bank claims to have a secured claim in the above-referenced real estate by virtue of a Mortgage Deed dated August 9, 1985 and recorded that date. The trustee claims that the Mortgage Deed is not valid against the trustee in his status as lien creditor and bona fide purchaser, pursuant to 11 U.S.C. § 544(a)(1), (2) & (3), because the Mortgage Deed was not properly executed or acknowledged by the debtor.

Specifically, the Mortgage Deed was prepared and executed in the name of Raymond Bertholet, Jr., and not in the name of the debtor-corporation, Bertholet Enterprises, Inc. The Mortgage Deed did not contain the name of the debtor-corporation as the mortgagor at the time it was executed by Raymond Bertholet, Jr. and acknowledged by a notary public. Subsequent to the execution and acknowledgment, but prior to recording, a title abstractor from the Bank's attorney's office typed in the name of the debtor-corporation in the grantor clause and in the meaning and intending

clause of the Mortgage Deed. However, the signature and acknowledgment of Raymond Bertholet, Jr. on the Mortgage Deed makes no reference to his capacity as agent of the debtor-corporation.

Nevertheless, certain facts support the conclusion that Raymond Bertholet, Jr. executed the Mortgage Deed to Laconia Savings Bank in his capacity as agent of Bertholet Enterprises, Inc. On July 9, 1985, prior to the conveyance of real estate from Gilbert Lambert to Bertholet Enterprises, Inc., Raymond Bertholet, Jr. directed the secretary of the corporation to indicate on the books of the corporation that appropriate authority was given to him by the corporation to act on its behalf in purchasing the real estate from Gilbert Lambert. *See Minutes of Special Meeting of Stockholders and Directors, Bertholet Enterprises, Inc.,* dated July 9, 1985; *Stipulations,* Paragraph 2E, Exhibit H. The cited Minutes of July 9, 1985 specifically provide *on behalf of Bertholet Enterprises, Inc.* that:

"It was voted in the affirmative: to purchase Cycle–Rama, Inc. motorcycle dealership in Plaistow, New Hampshire including land, building, inventory, fixtures and equipment and to authorize the President, Raymond A. Bertholet, Jr. to sign all documents and to do all things necessary to close the transaction."

Raymond Bertholet, Jr. is the sole shareholder and director of the debtor-corporation. This express granting of authority was relative to the transaction between Lambert and the corporation. The authorization is indicative of, and corroborates, the parties' general understanding that Raymond Bertholet, Jr. was acting on behalf of Bertholet Enterprises, Inc. in the *entire* transaction regarding the purchase of the Cycle–Rama, Inc. dealership and its related real property.

On July 22, 1987, after hearing oral argument on the cross-motions for summary judgment, the Court made oral rulings of fact and conclusions of law, incorporated herein by reference. The Court ruled, *inter alia,* that the trustee had no power as a *bona fide purchaser* under 11 U.S.C. § 544(a)(3) to nullify the mortgage claim by

the Laconia Savings Bank, because the sequence of events at the Registry and the documents themselves were sufficient to give constructive notice of the claim of mortgage held by Laconia Savings Bank on the real estate involved. Accordingly, insofar as the trustee's motion for summary judgment is premised upon the trustee's power, as a bona fide purchaser, to attack the Mortgage Deed, the motion is denied.

■ The issue remaining before the Court is whether the trustee's separate avoiding capacity as a hypothetical *judicial lien creditor* under 11 U.S.C. § 544(a)(1), or the alternative hypothetical lien status of a creditor with execution returned unsatisfied under 11 U.S.C. § 544(a)(2), supports an avoidance of the mortgage. A related issue is Laconia Savings Bank's Counter–Claim, alleging mutual mistake and requesting reformation, to support its mortgage claim against attack, regardless of the trustee's power as a judicial lien creditor. At the conclusion of the hearing on July 22, 1987, the Court noted tentatively, without deciding the issue, that the theory of reformation seemed to be inapplicable to the facts of this case.

The Court has already determined that the trustee had constructive notice of Laconia Savings Bank's claim of mortgage. Therefore, if there is no distinction under New Hampshire law between bona fide purchasers and lien creditors in regard to the enforceability of prior equitable interests of which a subsequent purchaser or lien creditor has notice, the Court must enter summary judgment in Defendant Laconia Savings Bank's favor. The trustee contends that, even if he did have notice of Laconia Savings Bank's mortgage claim, the notice is immaterial as a matter of law, because the mortgage deed was invalid due to the debtor's failure to execute or acknowledge the deed.

"[A]lthough the trustee's status is conferred by federal bankruptcy law, his rights vis-a-vis other parties are to be determined by reference to state law." *In re Morse*, 30 B.R. 52, 54 (Bankr.App.1st Cir. 1983) (citations omitted). Federal bankruptcy law provides that the trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee, the rights and powers of hypothetical lien creditors as indicated above. § 544(a)(1) and (2). "In construing the rights of the trustee as a hypothetical ... creditor under state law as against other parties, the phrase 'without regard to the knowledge of the trustee' found in 11 U.S.C. § 544(a) does not give the trustee any greater rights than he, or any other person would have as a ... creditor under applicable state law." *In re Morse*, 30 B.R. 52, 54 (Bankr.App.1st Cir.1983) (citations omitted). "That phrase in § 544(a) means without regard to any *personal knowledge* the trustee may have." *Id.* (citations omitted). To determine whether constructive notice by the trustee, in his status as a hypothetical lien creditor, will impair his avoiding powers it is necessary to look at the law of New Hampshire. *Id.*

■ New Hampshire law provides that, "Every deed or other conveyance of real estate shall be signed by the party granting the same and acknowledged by the grantor before a justice, notary public or commissioner and shall show the mailing address of the grantee." RSA 477:3. Further, "No deed of bargain and sale, mortgage nor other conveyance of real estate ... shall be valid to hold the same against any person but the grantor and his heirs only, unless such deed or lease be attested, acknowledged and recorded, according to the provisions of this chapter." RSA 477:7. However, a mortgage that is not acknowledged and recorded as required by statute is nevertheless "good between the original parties to it, and against others who had notice of it." *McMurphy v. Adams*, 67 N.H. 440, 39 A. 333 (1893) (citations omitted). "[T]he language of RSA 477:7 has been interpreted as protecting [only] 'bona fide purchasers' and *'attaching creditors' without notice."* *Continental Cablevision of N.H. v. Osgood Lodge*, 123 N.H. 215, 218, 459 A.2d 263 (1983) (emphasis added), *citing Butler v. Wheeler*, 73 N.H. 156, 158, 59 A. 935, 935 (1905). Thus the trustee has no power to avoid Laconia Savings Bank's mortgage claim in his capacity

as a hypothetical lien creditor, on the basis that the mortgage deed was defective, inasmuch as the court has previously determined that the trustee had constructive notice of the Bank's mortgage.

The trustee has cited *Barker v. Bean*, 25 N.H. 412 (1852), in support of his position that, because the Mortgage Deed was not executed and acknowledged as required by RSA 477:3 and RSA 477:7, the Mortgage Deed is invalid and, hence, avoidable by the trustee in his status as a subsequent lien creditor, regardless of his notice of the Mortgage Deed. In *Barker*, the New Hampshire Supreme Court considered whether the absence of a statutorily-required attestation by a second witness "may be cured by actual notice of the deed." The Court, in holding that notice is not curative of the defect, stated:

> At common law, the attestation is not a thing essential to the deed itself, but it only constitutes the evidence of its authenticity. It is made essential, however, by our statute, but its object is not, like the record, to give notice to persons interested, of its existence. In our statute there is nothing but the mere collocation of the words that places the attestation on the same footing as the record, and we are not aware of any decision that actual notice will supply the want of it. The same reason for giving it this force does not exist as in the case of the record; and there is nothing in the Revised Statutes that induces us to suppose the Legislature intended so materially to change the law. The notice, therefore, was immaterial.

*Id.* at 424. (citation omitted).

However, *Barker* was discussed in a later case, *Gooding v. Riley*, 50 N.H. 400 (1870). In *Gooding* the New Hampshire Court explained that *Barker* relied upon an 1842 case, which had been decided pursuant to a now-obsolete statute, the statute of 1829. *Id.* at 405; *see Barker* at 424, *citing Stone v. Ashley*, 13 N.H. 38 (1842). The *Gooding* court remarked that "the statute of 1829 ... was totally unlike that of 1791, and the revised statutes," and that "[t]he difference between the statutes was

not adverted to in the *[Barker]* opinion." *Gooding v. Riley*, at 405. The *Gooding* Court referred to the statute of 1791 because it was the basis of a decision that was published the year prior to *Barker*, namely *Hastings v. Cutler*, 24 N.H. 481 (1852). In *Hastings*, "there was but one witness to a deed of real estate; but it was held good against a creditor with notice, the court holding that, by the revised statute, the law of 1791 was substantially restored, under which it was held ... that a deed with one witness was good under the statute of uses." *Gooding v. Riley*, at 404–405, *citing Hastings v. Cutler*, 24 N.H. 481. Thus, it appears that the *Barker* holding is inapplicable under the present statute. *Gooding v. Riley*, 50 N.H. 400 (1870); *see also McMurphy v. Adams*, 67 N.H. 440, 39 A. 333 (1893).

New Hampshire law makes no distinction between a bona fide purchaser and an attaching creditor. In both instances, if the purchaser or creditor has notice of a conveyance, such notice will obviate a defective record. *See Gooding v. Riley*, 50 N.H. 400, 405 (1870); *Galley v. Ward*, 60 N.H. 331, 333 (1880); *McMurphy v. Adams* 67 N.H. 440, 440, 39 A. 333 (1893); *Butler v. Wheeler*, 73 N.H. 156, 59 A. 935 (1905); *Continental Cablevision of N.H. v. Osgood Lodge*, 123 N.H. 215, 459 A.2d 263 (1983). Accordingly, the trustee's motion for summary judgment is denied and Laconia Savings Bank's motion for summary judgment is granted. Inasmuch as the Court will separately enter final judgment in defendant The Laconia Savings Bank's favor, it is unnecessary for the Court to consider the defendant's counter-claim.