Rockingham, ⎰
  Dec., 1899. ⎰

### TAYLOR, *Adm'r*, v. PETTEE *& a.*

### STEVENS *v.* SAME.

Where branches of a fraternal order have united to form a funeral benefit association, and, as a prerequisite to membership therein, have severally adopted a by-law providing that the amount of each benefit, less costs and charges due, shall be paid to the representatives of the deceased, a benefit received from the association cannot be withheld by a subordinate lodge, under its by-law providing for a forfeiture of privileges for non-payment of dues.

ASSUMPSIT, the first action by the administrator of the estate of James F. Stevens, and the second by his mother and nearest relative, to recover a funeral benefit paid by the Funeral Benefit Association to the treasurer of Rockingham Council No. 2, Junior Order of United American Mechanics, upon James' death. The

defendants are officers and members of the Council, a voluntary association of which James was a member. One of the objects of the Council is the payment of sick and funeral benefits. To obtain money for the purpose, the members are required to pay $1.50 dues every three months. The laws of the Council provide that "upon the death of any beneficial member of this Order, entitled to benefits, the sum of not less than $20 shall be paid to the widow or dependent of the deceased, . . . but should the member leave no dependent it shall be the duty of the Councilor to receive the funeral benefit and attend the decent interment of the deceased and make a report to the Council." If a member is over thirteen weeks in arrears for dues, he "forfeits all his rights and privileges except that of being admitted into the Council chamber during its sessions."

The Funeral Benefit Association is made up of local councils which pay the Association an assessment of ten cents a member when called upon. Upon proof of the decease of a member of a council belonging to the Association, provision is made for the payment of a funeral benefit of $250 to the treasurer of the council. Before a council can be admitted to membership in the Association, it is required to adopt a by-law "providing for the payment of the full amount received from the Association, less the cost of the claim and all charges legally due the council at the time of the death."

The Rockingham Council was a member of the Association. It adopted the by-law required by the Association, but provided that the payment of the $250 should depend upon the same conditions as existed in reference to the payment of the $20 benefit. At the time of his decease James owed the Council dues for eighteen months. Although in arrears, his name had remained upon the books of the Association, and the assessments on his account were paid to it by the Council. Upon his death $250 was paid by the Association to the treasurer of the Council. The Council expended $57 for his funeral, and retains the balance.

The laws of the Association were received in evidence, subject to exception. The question, which, if either, of the plaintiffs is entitled to recover the $250, or any part thereof, was reserved.

*G. K. & B. T. Bartlett*, for the plaintiffs.

*Page & Bartlett*, for the defendants.

PIKE, J. The Council being an unincorporated, voluntary association, its members are jointly liable. The $250 paid to the treasurer by the Benefit Association was not for the Council's use.

When the Council became a member it was agreed that all such sums, less costs of claims and charges due, should. be paid to the persons entitled to receive them. The Association made the adoption of a by-law embodying this agreement a condition precedent to the Council's membership, and the Council adopted the by-law. The money having been paid to the treasurer as the "funeral benefit" of the deceased, the defendants are bound to account therefor to the representative of his estate. *Butterfield* v. *Hartshorn,* 7 N. H. 345, 348; *Hutchins* v. *Gilman,* 9 N. H. 359, 363. It is immaterial that when the Council adopted the by-law it incorporated therein, without the consent of the Association, a provision making the payment of the $250 benefit dependent upon conditions similar to those that related to the payment of the $20 benefit. It was not thereby released from the obligation set forth in the by-law and acted upon by the Association. At the time of his decease, James had not lost his right to a "funeral benefit" in the Association. His name had remained upon its books, and the assessments on account of his membership were paid to the Council. His neglect to pay dues to the Council simply barred him, or his widow or dependent, from a participation in the sick and funeral benefits of the latter order.

The terms upon which the Association paid the $250 to the treasurer being material in determining the plaintiff's rights, the defendants' exception to the admission of evidence of the laws of the Association is overruled. The administrator is entitled to recover the $250, less the dues and assessments which the deceased owed the Council and the $57 expended by them for his funeral services.

*Case discharged.*

PARSONS, J., did not sit: the others concurred.