Polish Falcons of America et al. *v.* American Citizens Club for Poles of Natrona et al., Appellants.

Argued March 27, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Henry Kauffman*, with him *Louis Little*, for appellants.

*Alexander J. Bielski*, with him *Walter J. Laska*, for appellees.

Opinion by Mr. Justice Stern, May 6, 1940:

Polish Falcons of America, a corporation, is a fraternal and beneficial association operated under the lodge system. Polish Falcons, Nest No. 290 of Natrona, one of its subordinate lodges, was the owner of a valuable building. Some of the members of this nest were also members of the American Citizens Club for Poles of Natrona, but not all the members of the club belonged to the nest. The club was permitted by the nest to use its building and took possession of a large part of it. In 1935 a controversy arose between the nest and the club; this was amicably settled by an agreement whereby the club surrendered possession of the building, and those of its members who did not belong to the nest agreed to file applications for membership therein, and, if accepted, to abide by the constitution and laws of the Polish Falcons of America. Many new members thus came into the nest, which then passed a resolution, unanimously adopted, that it would "strictly comply with and observe the laws and regulations of the Polish Falcons of America." The following year, the nest, being now under the control of the new membership, appointed trustees to convey to the club the building owned by the nest; a deed was executed, and the club entered into possession. The present bill in equity was brought by the Polish Falcons of America, and by one of the members of the nest for himself and all other members thereof, against the club and the trustees who had made the conveyance, to have the deed declared void and surrendered to plaintiffs for cancellation, to have possession of the premises restored to the nest, and for an accounting for the rents and profits during the club's occupancy. Plaintiffs alleged that there was no consideration for the conveyance and that it was executed in pursuance of fraud and conspiracy; this was denied by defendants.

The court granted the relief prayed for except as to the accounting for rents and profits. Defendants appeal.

We deem it unnecessary to consider the questions of fraud and lack of consideration, because in our opinion there is a fact which, apart from these matters, is controlling. In 1929, at a convention of the Polish Falcons of America, a provision was inserted in the constitution that the property of a nest could not be transferred or sold without the previous explicit consent of the Falcon Executive Council expressed in a special resolution. No such consent to the conveyance of its building by Nest No. 290 was ever requested of, or given by, the national organization. Defendants, while admitting that ordinarily a subordinate lodge is bound by the constitution and by-laws of the parent body, insist that, because the new provision was adopted several years after the building had been acquired by the nest, it cannot be given what defendants choose to regard as a retroactive effect. According to the laws of the order, the property of each of the nests was held for the use and enjoyment of not only their own members but the entire membership of the Polish Falcons of America, and therefore there would seem to be nothing unreasonable in the prohibiting of any future alienation of property belonging to a nest without the prior consent of the national body, even though such property had been previously acquired. The case is not the same as where a member has a contractual relationship with his lodge for the payment of health or death benefits and the effect of a new law is to vary the terms of his contract. However, this discussion is academic in view of the resolution unanimously adopted by the nest in 1935 that it would "strictly comply with and observe the laws and regulations of the Polish Falcons of America." This was a ratification of the constitution and laws of the parent organization as they then existed, and, even if the provision requiring that organization's consent to any transfer of property was not previously binding upon Nest No. 290, it became

so by virtue of this resolution. The conveyance by the nest without such consent was therefore illegal and void, and, at the instance of the Polish Falcons of America, was properly nullified by the court.

There should be added to the decree of the court below an order that defendants execute a deed reconveying title to the premises to Nest No. 290, so that, upon the recording of such deed, the record in the office of the Recorder of Deeds will properly show title in the nest. With this amendment the decree is affirmed, appellants to pay the costs.