Rockingham,
No. 6176.

GRAND LODGE OF NEW HAMPSHIRE, I.O.O.F. *& a.*

*v.*

UNION LODGE No. 32 OF DEERFIELD, NEW HAMPSHIRE,

I.O.O.F. *& a.*

June 30, 1971.

*Nixon, Christy & Tessier* ( *Mr. Thomas J. Tessier* orally ) for the plaintiffs.

*Wayne J. Mullavey* ( by brief ) for the defendants.

KENISON, C.J. The principal issue in this case is whether a local lodge of Odd Fellows may convey its real estate, without the consent of the Grand Lodge, to a realty association whose president and members included all members of the local lodge who executed the deed. The authorities in this field for the most part tend to be ancient, uncertain and sparse. " Unincorporated associations long have been a problem to the law . . . . The most baffling of all are the non-profit unincorporated associations. " Oleck, Non-Profit Associations as Legal Entities, 13 Clev.-Mar. L. Rev. 350 ( 1964 ).

In a petition to quiet title the plaintiffs, Grand Lodge of New Hampshire, Independent Order of Odd Fellows ( I.O.O.F. ), and Leola Lodge 70 of Candia, N.H., I.O.O.F., allege that the defendant Union Lodge 32 of Deerfield, N.H., I.O.O.F., wrongfully conveyed a parcel of land located in Deerfield to the defendant Deerfield Realty Association. Plaintiffs request that Deerfield Realty Association be ordered to convey the land in question to Leola Lodge 70, which as a result of a consolidation with Union Lodge 32 in 1966, is successor in interest to the property rights of Union Lodge 32. The basis of plaintiffs' claim is that Union Lodge 32 failed to obtain authorization from the Grand Lodge of New Hampshire prior to the conveyance in 1965 as required by the Code of General Laws of the I.O.O.F. Plaintiffs also claim that the conveyance was made with the intention of defeating a " reversionary interest " which the Grand Lodge of New Hampshire has in the land.

The grantee, Deerfield Realty Association, is a voluntary corporation whose members include all of the trustees of Union Lodge 32 who signed the deed in question and whose president is one of the trustees. The deed to Deerfield Realty Association does not state what amount of money, if any, was paid for the Deerfield land. There are no tax transfer stamps attached to the deed, nor is there any recitation of the fact that the consideration was less than one hundred dollars.

The petition was submitted to a Master ( *Leonard C. Hardwick,* Esq. ) on an agreed statement of facts. The master found that Deerfield Realty Association had taken title with knowledge of the limitation on the right of Union Lodge 32 to convey its property. Over defendants' objections, the Court ( *Perkins,* J] ) approved the

master's recommendation that Deerfield Realty Association be ordered to convey the land to Leola Lodge 70 and that Leola Lodge 70 hold title subject to such limitations and conditions as provided in its charter as a subordinate lodge of the Grand Lodge of New Hampshire. All questions of law were reserved and transferred.

The basis of plaintiffs' claim is section 547 of the Code of General Laws of the I.O.O.F., which provides: "No subordinate body of the Order shall have power or authority to dispose of its real or personal property and dissipate or distribute the same for the purpose of defeating the reversionary interest of the Grand Body having jurisdiction over it, in such property, nor shall a subordinate body have the power or authority to sell, convey or otherwise dispose of its real or personal property except for the purpose of applying the proceeds thereof to the uses and purposes of the Order. Subordinate lodges shall be required to obtain the consent of the Grand Lodge if in session, or the Grand Lodge Trustees or Executive Committee of said Grand Lodge during recess, prior to the sale and/or disposition of the real property of a subordinate lodge." Section 546 of the code provides that local lodges may own real property subject to regulations and conditions prescribed by the Grand Lodge.

The land in question was purchased in 1897. In 1957 the plaintiff Grand Lodge of New Hampshire first formally recorded in Rockingham County, where the lodge property is located, notice of its "reversionary interest" by quoting section 547 of the Code of General Laws of I.O.O.F. *supra.* The plaintiffs were unable to establish whether section 547 of the Code of General Laws was in effect when the land was purchased. The best evidence they were able to produce was that it was in existence in 1915 when the laws of the I.O.O.F. were first codified. *See* Stillson, The Official History of Odd Fellowship 307-11 ( 1905 ).

Plaintiffs contend that when Union Lodge 32 received its charter from the Grand Lodge of New Hampshire in 1850, it agreed to act "according to the Laws of the Order and in obedience to the commands and enactments of the Grand Lodge," and therefore that it is now bound by the Code of General Laws. Relying on section 547, the Grand Lodge of New Hampshire claims a "reversionary interest" in all real property belonging to local lodges in New Hampshire, including the Deerfield property. Plaintiffs claim further that because the consent of the Grand Lodge of New Hampshire was not obtained prior to the conveyance and because

Deerfield Realty Association had knowledge of the limitations on the right of Union Lodge 32 to convey, Deerfield Realty Association should be ordered to convey the property to Leola Lodge 70. Defendants' principal contention is that the Grand Lodge cannot create a property interest for itself in a local lodge's property by enacting a code or bylaw to that effect and that the "reversionary interest" of the Grand Lodge of New Hampshire is a restraint on alienation.

The provisions of a charter which a local lodge of a fraternal organization receives from the parent organization, as well as the bylaws of the parent organization, are deemed to constitute contractual obligations of the local lodge and of the members of the local lodge with respect to the parent organization, and they are enforceable to the extent that they are reasonable and that they do not contravene state law and are not against public policy. *Grand Lodge of Iowa, I.O.O.F.* v. *Osceola Lodge* 18, *I.O.O.F.,* 178 N.W. 2d 362 ( Iowa 1970 ); *Krecek* v. *Supreme Lodge F.U.A.*, 95 Neb. 428, 145 N.W. 859 ( 1914 ); *see Taylor* v. *Pettee,* 70 N.H. 38, 47 A. 733 ( 1899 ).

Most courts have held that bylaws of a fraternal organization, such as sections 546 and 547 in this case, which give the Grand Lodge a "reversionary interest" in the property of local lodges are not against public policy, are not an invalid restraint on the alienation of property and are enforceable as a contractual obligation of the local lodge and its members. Annot., 168 A.L.R. 956, 959 ( 1947 ); *Grand Lodge of Iowa, I.O.O.F.* v. *Osceola Lodge* 18 *I.O.O.F. supra.* Although many fraternal organizations refer to this property interest as a "reversionary interest," it is clear that it is not a reversionary interest in the ordinary use of that term. 1 American Law of Property *s.* 416 ( 1952 ); 4a Thompson, Real Property *s.* 1975 ( 1961 ); Simes and Smith, The Law of Future Interests *s.* 82 ( 2d ed. 1956 ). However, it is unnecessary to decide the technical nature of the Grand Lodge's interest because, in any case, Union Lodge 32 was bound under the provisions of sections 546 and 547 of the code to obtain consent from the Grand Lodge of New Hampshire before selling or disposing of its property.

The provisions in sections 546 and 547 requiring local lodges to obtain consent before selling or disposing of real property and prohibiting local lodges from disposing of property except for purposes of the Order are reasonable restrictions on the right of local lodges to convey their property. These sections were un-

doubtedly designed to insure that assets which were contributed over many years by members who intended and expected their contributions would be used for the declared purposes of the Order would ultimately be used for those purposes. In *Duke* v. *Fuller*, 9 N.H. 536 ( 1838 ), this court recognized, under a theory of trust, that funds contributed primarily for eleemosynary purposes should be protected from dissipation by current members of a lodge. *See also Grand Lodge, Knights of Pythias* v. *Germania Lodge, No.* 50, 56 N.J. Eq. 63, 38 A. 341 ( 1897 ). Sections 546 and 547 of the Code of General Laws are in accord with this principle. *See Methodist Church* v. *Church,* 98 N.H. 498, 503, 104 A.2d 204, 207 ( 1954 ).

It is not essential to plaintiffs' claim that they prove that the consent provision of section 547 was in existence when Union Lodge 32 purchased the Deerfield property in 1897. It is generally recognized that fraternal organizations may change their bylaws and enact others which are reasonable and consistent with the purposes of the organization and that members are bound by such changes. *Polish Falcons of America* v. *American Citizens Club for Poles,* 338 Pa. 218, 13 A.2d 27 ( 1940 ).

Defendants rely upon *Venus Lodge No. 62, F. & A. M.* v. *Acme Benevolent Ass'n, Inc.,* 231 N.C. 522, 58 S.E.2d 109 ( 1950 ), in which a property conveyance by an active lodge was allowed despite a claim of a similar " reversionary interest. " However, the bylaws of the organization in that case, unlike the bylaws of the I.O.O.F., invoked in this case, did not require the local lodge to obtain consent of its Grand Lodge prior to disposing of real property. Furthermore, as noted in 1 Powell, Real Property *s.* 133, at 525 n.12 ( 1969 ), " The transfer occurred before the enactment of N.C. Laws 1939, ch. 133, allowing unincorporated associations to hold property . . . . " Compare our statute RSA 292:12, 13 which makes unincorporated associations corporations for the purposes of receiving and holding property. *See* Oleck, Non-Profit Corporations, Organizations and Associations *s.* 19 ( 2d ed. 1965 ).

We conclude that the I.O.O.F. code and bylaws requiring that a local lodge seek permission before conveying property is reasonable, valid, and applicable to the transaction involved in this case.

*Exceptions overruled.*

All concurred.