Jerrold L. DAVIS dba Jerry Davis and
Associates, Plaintiff and Respondent,

v.

HEATH DEVELOPMENT COMPANY,
a corporation, et al., Defendants
and Appellants.

Dorothy A. HOUSELY and Bonnie J.
Brinton, Cross-Complainants and
Respondents,

v.

HEATH DEVELOPMENT COMPANY,
a corporation, Cross-Defendant
and Appellant.

No. 14549.

Supreme Court of Utah.

Dec. 22, 1976.

C. Reed Brown, Salt Lake City, for defendants and appellants.

LaMar Duncan, B. R. Parkinson, Salt Lake City, for Davis.

Jay R. Bell, Salt Lake City, for Housely and Brinton.

CROCKETT, Justice:

Plaintiff, Jerry Davis dba Jerry Davis and Associates, sued defendant, Heath Development Company to recover a real estate commission for obtaining a sale of defendant's Pioneer Trailer Park at 937 South State Street, in Salt Lake City, for $250,-000. Cross-complainants, Dorothy A. Housely and Bonnie J. Brinton, who were originally named as defendants, filed a cross-complaint seeking specific performance as purchasers in of the same contract. Upon a trial to the court, it decreed specific performance of the contract for the cross-complainants, and attorney's fees; and, awarded plaintiff Davis $16,650 real estate commission, and attorney's fees.

Defendant appealed attacking both judgments. As to the first, it contends that the earnest money agreement was never accepted by a properly constituted quorum of the corporation because the cross-complainants, who participated in that action, were interested parties; and also, that Section 16–10–74, U.C.A.1953, dealing with the sale of a corporation's entire assets was not complied with. As to the second, defendant contends that inasmuch as there was no valid contract of sale, plaintiff Davis was not entitled to any commission.

Defendant Heath Development Company is a Utah corporation, closely held by members of the Heath family, including in-laws. Its sole asset is the Pioneer Trailer Park. It has nine stockholders, five of whom comprise its board of directors. For a number of years, it had been attempting to sell this property for $400,000. To further this end, in November, 1973, it entered into a listing agreement with plaintiff.

Plaintiff was also unsuccessful in his efforts to sell the property. But, in January, 1974, the cross-complainants Housely and Brinton, who were family members and directors in the defendant Heath corporation, decided to submit an offer to buy the trailer park for $250,000. This they did through Mr. Mason Rankin, an agent of plaintiff Davis, at a director's meeting on January 13, 1974. There were present Kathryn Heath, President, Essie Heath, secretary, Mrs. Brinton, treasurer, and Mrs. Housely, a director. These four represent ownership of 80% of the common stock of the company, which is its only voting stock. Upon the presentation of the offer by Mr. Rankin, it was duly moved, voted on and accepted by all present, subject to the condition that the co-plaintiffs obtain the necessary financing.

On April 9, 1974, the cross-complainants, having obtained a commitment for the requisite financing, Mr. Rankin presented to Kathryn Heath a Warranty Deed for execution by the corporation that would convey the property to the cross-complainants. Insisting that the corporation was not bound by the purported contract, Kathryn Heath stated that the deed would not be executed. Hence this lawsuit.

### The Issue of Specific Performance

The statute applicable to defendant's contention that the contract was not accepted by the defendant corporation is Sec. 16–10–38, U.C.A.1953, which defines a quorum as:

A majority of the number of directors fixed by the bylaws, or in the absence of a bylaw fixing the number of directors, then of the number stated in the articles of incorporation, shall constitute a quorum . . .. The act of a majority of the directors present at a meeting at which a quorum is present shall be the act of the board of directors . . ..

The *foundation for the cross-complainants'* claim is that the corporate articles provide that three members of its board of directors constitute a quorum; and that inasmuch as there were four directors present who approved the contract, the defendant corporation should be bound thereby. The difficulty with this argument is that any director who has an interest in a proposed transaction with the corporation cannot participate in such business to bind the corporation, either to make up the quorum,[1] or to vote on the proposal.[2] It is therefore plainly apparent that because of the disqualification of the cross-complainants to act in committing the corporation to sell the property to themselves, there never was a proper acceptance of the earnest money agreement. The well established rule is that in such circumstances, where its officers deal with a corporation in their own interest, that as to them the contract is void, or at best voidable at the option of the corporation.[3]

Supplementing what has just been said, the defendant also makes a valid argument that the contract is not enforceable against it because there was no compliance with Section 16–10–74, U.C.A.1953. That statute deals with situations where there is a proposal to sell all of a corporation's assets, except where that is done in the regular course of the corporation's business. It sets out a procedure which requires that a resolution recommending such a sale be adopted by the board of directors and that a notice be given to the shareholders of a meeting at which they may consider and approve or disapprove of such proposal. Nothing whatsoever was done in any attempt to comply with that statute.

From what has been said above it will be seen that there is no proper foundation for decreeing that defendant, Heath Development Company, was bound to go forward with performance of the alleged contract.

Plaintiff Davis's Claim of Commission

Plaintiff Davis makes the argument that the plan submitted for obtaining financing and the purchase by Mrs. Housely and Mrs. Brinton fulfilled his obligation under the listing contract to obtain a ready, willing and able buyer, wherefore he should be entitled to his commission. He supports this argument by pointing to the concededly correct rule that if an agent so performs, and the sale is not completed because of lack of cooperation or obstruction by the listor (the defendant corporation), the agent is nevertheless entitled to his commission.[4]

The position thus essayed overlooks the important proposition that the listing agreement called for a sales price of $400,000, or such other amount as the seller would agree to. As will be seen from the exposition herein, the purported action of the corporation accepting the $250,000 offer was never validly acted upon and thus was never agreed to by the corporation. Where such a counter-offer of a lesser amount is made, the seller is at liberty to accept the offer, but is under no obligation to do so; and if he refuses, he incurs no liability for the real estate commission.[5]

In accordance with the discussion herein it is necessary that the judgments in favor of the cross-complainants for specific performance and in favor of the plaintiff Davis

1. *Colo. Manage. Corp. v. American Found. Life Ins. Co.*, 145 Colo. 413, 359 P.2d 665; 2 Fletcher Cyc. Corp. (Perm.Ed. Revised Volume) 280, Sec. 426.

2. *Rocket Mining Corp. v. Gill*, 25 Utah 2d 434, 483 P.2d 897.

3. *Singer v. Salt Lake Copper Manufacturing Company*, 17 Utah 143, 53 P. 1024; *Branch v. Western Factors, Inc.*, 28 Utah 2d 361, 502 P.2d 570; *Tevis v. Beigel*, 174 Cal.App.2d 90, 344 P.2d 360; 3 Fletcher Cyc. Corp. (Perm.Ed. Revised Volume) 412, Sec. 936.

4. *Curtis v. Mortensen*, 1 Utah 2d 354, 267 P.2d 237; *Hoyt v. Wasatch Homes*, 1 Utah 2d 9, 261 P.2d 927.

5. *Best v. Kelley*, 22 Wash.2d 257, 155 P.2d 794.

for real estate commission, and the awards of attorney's fees thereon be reversed. Costs to defendant (appellant).

HENRIOD, C. J., and ELLETT, MAUGHAN and WILKINS, JJ., concur.