**E. A. STROUT WESTERN REALTY AGENCY, INC., Roosevelt Agency, Plaintiff and Appellant,**

v.

**David L. PETERSON and Judith Lynn Peterson, Defendants and Respondents.**

**No. 15449.**

Supreme Court of Utah.

Oct. 3, 1978.

George E. Mangan, Roosevelt, for plaintiff and appellant.

Gregory B. Wall, Salt Lake City, for defendants and respondents.

WILKINS, Justice:

Plaintiff appeals from a judgment of dismissal in its action to recover a real estate commission. Affirmed. Costs are awarded to defendants.

Defendants entered into a real estate listing agreement with plaintiff on August 24,

---

1976, whereby plaintiff agreed to procure a purchaser for defendants' property. The property was listed for $50,000, with $20,000 required as a down payment and annual payments thereafter until paid. This listing price was subsequently amended to $60,000. On September 23, 1976, plaintiff received a purchase offer from prospective purchasers named Kidd for $60,000, accompanied by $1,000 as earnest money. The terms of the Kidd offer provided for no down payment and the entire $59,000 balance to be paid within 90 days "by any means possible or way they (buyers) desire." The offer was open for 10 days. Upon receipt of the offer, plaintiff presented it to defendants by telephone but was prevented from delivering it to defendants' residence as they were leaving town. For several days plaintiff attempted to get defendants to sign the offer, but on October 1, two days before the Kidd offer expired, it received a letter from defendants stating they had sold the property to another buyer (as they were permitted to do under the terms of the listing agreement) and giving notice withdrawing from the listing agreement.[1] In fact, the property was never sold. Thereafter plaintiff demanded its commission from defendants based on its procuring a ready, willing and able buyer for the property. On October 13, defendants obtained a copy of the Kidd offer and sought legal advice. On that same afternoon defendants notified plaintiff that the Kidd offer was not acceptable because of the 90 day financing clause.

The case was tried before the District Court for Duchesne County, sitting without a jury, on April 26, 1977, which rendered judgment for defendants, the Court determining that the 90 day provision in the offer to purchase was not in accordance with the terms of sale in the listing agreement. Plaintiff then appealed to this Court.

Plaintiff's main point on appeal is that it did procure a ready, willing and able buyer, thereby establishing defendants' duty to

pay the commission. The listing agreement signed by defendants provided that they would pay the 10% commission on the sale's price of the property when the plaintiff procured a buyer "at the listed price and terms, or at price and terms acceptable to me (the defendants-sellers) . . . ." This Court has held that to recover a real estate commission, the agent must procure a purchase offer within the terms of the listing agreement. In *E. B. Wicks Co. v. Moyle*[2] we quoted with approval the *Restatement of Agency*, Sec. 447:

> An agent whose compensation is conditional upon his procuring a transaction upon specified terms is not entitled to such compensation if, as a result of his efforts a transaction is effected on different or modified terms, although the principal may thereby benefit.

As the listing agreement provided, however, the plaintiff was also entitled to its commission if the defendants assented to a sale on terms different from those in the agreement. The defendants took no action on the Kidd offer during its 10 day duration.

The District Court heard the evidence and ruled that the Kidd offer was not in accordance with the terms of the listing agreement. The listing agreement stated defendants' terms which, as noted ante, were $50,000 sales price, with $20,000 down and yearly payments thereafter at 8% interest. When defendants amended their asking price to $60,000, they reiterated the need for a $20,000 down payment. The Kidds offered $60,000 secured by a $1,000 earnest money, with no down payment and 90 days to finance the $59,000 balance. There was also a clause in the earnest money agreement allowing plaintiff to extend the time for performance another 30 days. Further, defendants' property was farm property, and Defendant David Peterson testified at trial that winter was approaching and he could not afford to wait three months to see if he had the property sold.

---

1. The listing agreement allowed defendants to withdraw upon 30 days written notice.

2. 103 Utah 554, 137 P.2d 342, 345 (1943).

Plaintiff cites *Lathrop v. Gauger*[3] as standing for the proposition that the buyer's offer must only substantially comply with the terms of the listing agreement, but that case does not control here because the facts are substantially different from those here. The thrust of the District Court's determination in this case was that the Kidd offer constituted a counter-offer. Plaintiff had not procured a ready, willing and able buyer within the terms of the listing agreement and the evidence sustains the Court's findings and judgment that the plaintiff was not entitled to a commission.

Plaintiff also contends that defendants had a duty to object to the unacceptable terms in the Kidd offer, and that by their silence they waived their right to object thereto. Plaintiff was on notice of the terms upon which defendants had agreed to sell their property, and unless it procured an offer within those terms, defendants were under no legal obligation to comment within the 10 day period of the offer.

Finally, plaintiff asserts correlatively to the contention just discussed, that defendants' evasive behavior and failure to cooperate excuses it from having to comply strictly with the listing agreement in order to recover its commission. Plaintiff cites four cases as support for its proposition. Two of the cases, *Curtis v. Mortensen*,[4] and *Hoyt v. Wasatch Homes*,[5] pertain to uncooperative behavior on the part of the seller of the property *after* he had accepted the buyer's terms and signed the earnest money agreement, and, consequently, are not applicable to this case where no ready, willing and able buyer was procured.

*Cannon v. Stevens School of Business*,[6] from which plaintiff quotes in its brief, is not applicable here. In that case, arising from an employment contract, the employees had fully performed their duties and their rights to payment under the contract were vested. Here, plaintiff had not fully

performed under the listing agreement and defendants' duty to pay the commission did not arise.

Likewise, *Davis v. Health Development Company*,[7] does not support plaintiff's contention. This Court speaking through Mr. Justice Crockett, stated therein that if the real estate agent finds a ready, willing and able buyer for seller's property "and the sale is not completed because of lack of cooperation or obstruction by the listor, the agent is nevertheless entitled to his commission."[8]

First, this Court in *Davis* ruled against the "listor." Second, the language just quoted and upon which plaintiff relies, *inter alia*, to buttress its position, is as inapplicable to the facts here as it was to the facts in *Davis*, and was mentioned in *Davis* only as an acknowledgment of an argument propounded by the real estate agent therein and as a general proposition of law under other, pertinent facts.

ELLETT, C. J., and CROCKETT, MAUGHAN and HALL, JJ., concur.

3. 127 Cal.App.2d 754, 274 P.2d 730, 24 Cal. Rptr. 225 (1954).

4. 1 Utah 2d 354, 267 P.2d 237 (1954).

5. 1 Utah 2d 9, 261 P.2d 927 (1953).

