**Gary ALLEN, dba Allen's Layton General Tire, Petitioner,**

v.

**DEPARTMENT OF EMPLOYMENT SECURITY, David L. Smith and James M. Ritch, Respondents.**

No. 880580–CA.

Court of Appeals of Utah.

Oct. 17, 1989.

E. Lawrence Brock, Salt Lake City, for petitioner.

Alan Hennebold and Winston M. Faux, Salt Lake City, for respondents.

Before BILLINGS, CROFT,[1] and GARFF, JJ.

CROFT, Judge:

Gary Allen seeks judicial review of the amount of unemployment contributions required of him by the Utah Department of Employment Security (Department). We reverse and remand.

On October 13, 1986, Allen acquired all of the assets of J.R.D.S., Inc., a closely held corporation, of which James M. Ritch and David L. Smith were the principal officers, directors, and shareholders. The assets thus acquired consisted of a tire retailing business, which Allen continued to operate. Neither the corporate entity nor its stock were included in the acquisition. Sale of the business by Ritch and Smith was recommended by the lender of a loan which was delinquent at the time. The business was troubled, and Ritch and Smith intended to file petitions in bankruptcy. Smith assisted for one day in the transition paperwork incident to the sale, but was not an employee of the transferred business. Allen did not offer employment to Ritch or Smith, nor was their future employment in the business under Allen ever considered.

Under the circumstances, future employment under Allen of Ritch and Smith could not reasonably be contemplated.

Following the sale to Allen, Ritch and Smith applied for and received unemployment benefits, which were paid for one year. Allen did not learn of the benefits paid to Ritch and Smith until Allen inquired of the Department about a tenfold increase in his unemployment contribution rate for 1988. Allen challenged the increased rate, but the Department ruled that the rate was correctly computed. Allen appealed, and hearings and further appeals followed, culminating in affirmance of the contribution rate by the Department's Board of Review.[2]

The administrative law judge (A.L.J.) and Board of Review held that the cessation of Ritch's and Smith's work in the tire business was a "reduction of force termination" because J.R.D.S. was a defunct business at the time for which benefits were properly payable. In support of that holding, the decision stated that Ritch and Smith were "not offered employment by the successor" and "did not refuse available suitable work." The latter finding seems anchored to the prior one, for the record contains no evidence of work which Ritch and Smith did nor did not refuse. No statute requires a successor employer to offer work to its predecessor's employees. The finding that Ritch and Smith "did not refuse available suitable work" totally lacks evidentiary support in the record.

At the hearing before the A.L.J., whose decision was affirmed by the Board of Review, Ritch stated it was his understanding that he and Smith were there to determine if they were eligible for the unemployment benefits they had received. The A.L.J. advised them that their claims had reached the benefit year-end in October 1987, and that regardless of the outcome of Allen's

---

1. Bryant H. Croft, Senior District Judge, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(1)(j) (1987).

2. An earlier administrative ruling, from which no appeal was taken, held that, since Allen had obtained all or substantially all the assets of J.R.D.S., Inc., Allen was a "successor" employer for purposes of the experience rating pursuant to Utah Code Ann. § 35–4–7(c)(1)(C) (1988). We accept that ruling as conclusive.

hearing, they would not have to reimburse the state for the benefits received.[3]

Utah Code Ann. § 35–4–7(c)(3)(F) (1989) states:

Social costs shall consist as those benefit costs defined as follows:

(1) Benefit costs of an individual will not be charged to a base period employer, but will be considered social costs if the individual's separation from that employer occurred under any of the following circumstances:

.        .        .        .        .

(b) the individual received benefits following a quit that was not attributable to the employer.

The pivotal question here is whether Allen should be charged with the cost of benefits paid to Ritch and Smith.[4] That issue turns on whether or not Ritch and Smith, under the facts and circumstances of this case, were entitled to receive unemployment benefits as claimed by them in October 1986. The fact that their claims were granted and the benefits were paid does not preclude examination of their eligibility therefor as it relates to Allen's liability for the charges based on such benefits. The finding that Allen was a "successor" employer is not determinative of the issue. Rather, we look to Utah Code Ann. § 35–4–5(a) (1989) and ask whether the facts show that Ritch and Smith left work "voluntarily without good cause."

The Board's decision specifically stated that Ritch and Smith were "not ineligible for benefits" under section 35–4–5(a) or section 35–4–5(c). Section 35–4–5(a) states that an employee is ineligible for benefits where he "left work voluntarily without good cause[.]" The Utah Supreme Court has defined the word "voluntarily" in that section as meaning "at the volition of the employee, in contrast to a firing or other termination at the behest of the employer." *Chandler v. Department of Employment Sec.*, 678 P.2d 315, 320 (Utah 1984), quoted in *Green v. Board of Review*, 728 P.2d 996, 998 (Utah 1986); *Mills v. Gronning*, 581 P.2d 1334, 1337 (Utah 1978). Whether the termination of employment in a particular case was the result primarily of the employee's volition is a question of fact. *Lanier v. Dep't of Employment Sec.*, 694 P.2d 625, 628 (Utah 1985). In this case, Ritch and Smith controlled their future. They, of their own volition, decided to end their failing business, took it through bankruptcy, and let it die a statutory death by failing to file corporate annual reports. The Department finds in that a "reduction of force termination." We conclude, however, that Ritch and Smith voluntarily terminated their employment.

The A.L.J. made findings in this case, which appear to be supported by substantial evidence,[5] that the sale of the business to Allen was effected with the assent of Ritch and Smith, who were the principal shareholders of the corporation owning all of the business assets.[6] As a result of that sale, Allen took full control of the business as its new owner and manager. None of the parties intended that Ritch and Smith would thereafter remain employed at the

---

**3.** Utah Code Ann. § 35–4–6(e) provides: "If a person has received any sum as benefits under this act to which under a redetermination or decision he was not entitled, and it has been found that he was without fault in the matter, he is not liable to repay such sum...."

**4.** This question thus calls for the application of a statute to a specific factual situation, and is, therefore, a question of mixed law and fact, for which we employ an intermediate standard of review. *Pro–Benefit Staffing, Inc. v. Board of Review*, 775 P.2d 439 (Utah App.1989); *see* Utah Code Ann. § 63–46b–16(4)(d) (Cum.Supp.1988). (The standard prescribed by the Utah Administrative Procedures Act applies since the appeal to the A.L.J. was filed after January 1, 1988.)

Since the interpretation of Utah Code Ann. § 35–4–5(a) (1989) requires little highly specialized or technical knowledge that would be uniquely within the Department's expertise, we review its administrative interpretation with only moderate deference. *Hurley v. Board of Review*, 767 P.2d 524, 527 (Utah 1988); *Taylor v. Utah State Training School*, 775 P.2d 432, 434 (Utah App.1989).

**5.** *Grace Drilling v. Board of Review*, 776 P.2d 63, 67–68 (Utah App.1989).

**6.** Utah Code Ann. § 16–10–74(c) requires approval of shareholders for a sale of substantially all of the assets of a corporation if not made in the ordinary course of business.

business they had sold. Since Ritch and Smith thus assented of their own volition to the cessation of their employment, that cessation was "voluntary" within the meaning of Utah Code Ann. § 35–4–5(a) (1989).

It is of no consequence that Allen did not offer Ritch and Smith a job under the new management. The test for voluntariness in leaving employment is not the willingness of *the employer* that the unemployment claimant continue working, but rather the willingness *of the claimant* to continue.[7] Utah Administrative Code R475–5a–1 states that "voluntarily leaving work" means that the employee "severed the employment relationship as contrasted to a separation initiated by the employer." Ritch and Smith left the tire business of their own free will, and it is therefore immaterial whether Allen wanted them to leave or offered to have them continue employment.

 Turning to the words "good cause" in section 35–4–5(a), this court noted in *Adams v. Board of Review*, 776 P.2d 639, 641–42 (Utah App.1989) that the "good cause" of that section has been defined by our supreme court to mean unemployment "caused by external pressures so compelling that a reasonably prudent person, exercising ordinary common sense and prudence, would be justified in quitting under similar circumstances." From the record, we find only a mere suggestion that Ritch and Smith were delinquent in payments on an obligation owed a bank, but no other evidence of external pressures so compelling as to enable us to conclude that they had "good cause for leaving work voluntarily." The Board appears to have found such "good cause" in the fact that Allen purchased the business and did not offer Ritch and Smith employment. However, the lack of an offer of continued employment does not amount to "good cause" within the meaning of section 35–4–5(a).

Section 35–4–5(a) also states that a claimant shall not be denied eligibility if the claimant leaves work under "circumstances of such a nature that it would be contrary to equity and good conscience to impose a disqualification." However, equity and good conscience have not been asserted as grounds justifying the cessation of employment.

Utah Code Ann. § 35–4–5(c) (1989) says ineligibility exists if the Department finds that a claimant has failed without good cause to properly apply for, to accept a referral to, or accept an offer of available suitable work. However, the record shows that the Department did nothing to determine what Ritch and Smith ever did in this respect. Its basis for finding their eligibility seems to be anchored only in the fact that Allen failed to offer either of them employment after he took over the business.

The record discloses that at one time an A.L.J. remanded the case to the Department for reconsideration of the issues of "benefit eligibility and charges." The Department advised Allen that a statement was needed from him concerning the "cause for separation from your firm." Allen furnished details of his acquisition of the business and said that Ritch and Smith were not his employees. Nonetheless, the Department sustained eligibility and the charges assessed to Allen.

Utah Code Ann. § 35–4–5(a) thus made Ritch and Smith ineligible for payment of benefits. Therefore, we hold that the Department erred in raising the level of Allen's unemployment contributions based on the benefits paid to Ritch and Smith. We accordingly reverse and remand for reduction of the amount of Allen's contributions to the extent that the benefits paid Ritch and Smith resulted in an increase in the rate charged to Allen.

GARFF, J., concurs.

BILLINGS, J., concurs in the result only.

---

7. *See Green v. Bd. of Review,* 728 P.2d at 998; *Lanier v. Department of Employment Sec.,* 694 P.2d at 628; *Chandler v. Department of Employment Sec.,* 678 P.2d at 320–21.