Thomas **FARR**, Plaintiff and Appellee,

v.

Earl B. **BRINKERHOFF** and Eunice Brinkerhoff, Defendants and Appellants.

No. 910599–CA.

Court of Appeals of Utah.

March 13, 1992.

---

Marcus G. Taylor, Richfield, for defendants and appellants.

Paul D. Lyman, Richfield, for plaintiff and appellee.

Before GARFF, GREENWOOD and RUSSON, JJ.

## OPINION

RUSSON, Judge:

Earl Brinkerhoff and Eunice Brinkerhoff appeal the trial court's order of dismissal which set aside a sheriff's sale of Mr. Brinkerhoff's interest in real property purportedly owned by the Brinkerhoffs. We affirm.

## I.  FACTS

In August 1985, Thomas Farr obtained a judgment in the amount of $65,520.20 against Earl B. Brinkerhoff in the State of Alaska.  In November 1985, Mr. Brinkerhoff, Mrs. Brinkerhoff, and their attorney, Karl Taylor, filed articles of incorporation for EEB, Inc. (EEB), a Utah Corporation, and named themselves directors of the corporation.  The Brinkerhoffs were the sole shareholders in EEB.  In December 1985, Mr. and Mrs. Brinkerhoff conveyed certain real property which they owned as joint tenants to EEB.  The real property was the corporation's only asset.

In January 1988, Farr domesticated his Alaska judgment in the Fifth Judicial District Court, Iron County, Utah.  In October 1988, Farr filed a complaint against Mr. and Mrs. Brinkerhoff, alleging that their conveyance of the real property to EEB was executed to hinder, delay, or defraud Farr in his attempt to collect on his judgment.  After meeting with Farr's attorney, Mr. Brinkerhoff agreed to reconvey the property to himself in consideration of Farr's dismissal of the pending suit.  Thus, without any authority from the corporation, Mr. Brinkerhoff executed a deed reconveying the real property from EEB to himself.  The deed was recorded in November 1988.

In February 1989, the Wayne County sheriff properly issued and posted a notice of sale, advertising sale of the entire parcel of real property which was purportedly owned by Mr. Brinkerhoff individually.  However, on March 6, immediately prior to the sale, Mr. Brinkerhoff filed a warranty deed correction with the Wayne County recorder.  The correction deed purported to reconvey the property from EEB to both Earl B. Brinkerhoff and Eunice Brinkerhoff.  At the same time, Mr. Brinkerhoff filed a declaration of homestead with the county recorder.  That document claimed an $8000 homestead in Earl Brinkerhoff and an additional $2000 homestead in his wife, Eunice Brinkerhoff.

The property was sold by the Wayne County deputy sheriff on March 6, 1989 to Farr, the only bidder at the sale.  Farr bid the sum of $121,416.05.  Following the sale, Farr's attorney prepared a certificate of sale, which was signed by the deputy sheriff who conducted the sale on March 17, 1989.

In May 1989, Farr filed suit against the Brinkerhoffs, seeking declaratory relief as to (1) the time when the homestead allowance must be paid, (2) Farr's interest in the property in light of the correction deed, and (3) the Brinkerhoff's redemption rights.  In response, the Brinkerhoffs alleged that Mrs. Brinkerhoff owned an undivided one-half interest in the real property and sought judgment against Farr in the amount of $42,109.33, which represented the Brinkerhoffs' homestead claim plus the amount by which Farr's bid exceeded his judgment against Mr. Brinkerhoff.

Subsequently, both parties filed motions for summary judgment.  In his motion,

Farr claimed that he was entitled to a declaratory judgment on the correction deed, homestead, and redemption issues. The Brinkerhoffs claimed in their motion that they were entitled to a judgment against Farr in the amount of $42,109.33, in addition to a declaratory judgment that Mrs. Brinkerhoff owned an undivided one-half interest in the property. The trial court issued an order denying both motions, finding that two issues of material fact precluded the entry of summary judgment: (1) "if Eunice Brinkerhoff [had] any ownership in that property allegedly sold," and (2) "if the sale was consummated. If so, what was sold, and if the court should allow same when bid price was not paid." In that same order, the court requested that the parties appear and show cause why the court should not set aside the sheriff's sale, and why the interest of Mrs. Brinkerhoff should not be determined prior to execution on the foreign judgment.

At the order to show cause hearing in July 1990, counsel presented further argument. At that hearing, Farr offered to concede that Mrs. Brinkerhoff was a joint tenant in the property if the sheriff's sale was set aside. Over the Brinkerhoffs' objection, the court set the sale aside, finding that the sale was not consummated because "it is not clear what was being purchased and the bid price was not paid...." The court also ordered that Mrs. Brinkerhoff was a joint tenant with Mr. Brinkerhoff in the property. Finding no more issues to be tried, the court dismissed Farr's complaint.

Seeking to uphold the sheriff's sale, the Brinkerhoffs raise two issues on appeal: First, whether the trial court erred in setting aside the sheriff's sale when that relief was not framed by the pleadings; and second, whether the trial court erred in dismissing Farr's complaint, which the Brinkerhoffs argue was, in essence, a grant of summary judgment vacating the sheriff's sale.

## II. RELIEF NOT FRAMED BY THE PLEADINGS

■ The Brinkerhoffs first argue that the trial court erred in setting aside the sheriff's sale because that relief had not been framed by the parties' pleadings. Since resolution of this issue involves a conclusion of law, we review it under a correction-of-error standard, according no particular deference to the trial court's ruling. *See Western Kane County Special Serv. Dist. No. 1 v. Jackson Cattle Co.,* 744 P.2d 1376, 1378 (Utah 1987); *Smith v. Smith,* 793 P.2d 407, 409 (Utah App.1990); *Bailey v. Call,* 767 P.2d 138, 139 (Utah App.), *cert. denied,* 773 P.2d 45 (Utah 1989); *T.R.F. v. Felan,* 760 P.2d 906, 909 (Utah App.1988).

Rule 54(c) of the Utah Rules of Civil Procedure provides:

(1) Except as to a party against whom a judgment is entered by default, every final judgment *shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.* It may be given for or against one or more of several claimants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between or among themselves.

Utah R.Civ.P. 54(c)(1) (emphasis added).

Moreover, the Utah Supreme Court, in interpreting Rule 54(c), has stated that:

It is a rule of long standing that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings.... Although Rule 54(c)(1) permits relief on grounds not pleaded, that rule does not go so far as to authorize the granting of relief on issues neither raised nor tried.

*Combe v. Warren's Family Drive–Inns, Inc.,* 680 P.2d 733, 735 (Utah 1984) (citations omitted). Accordingly, since there was no trial in this case, this issue centers on whether setting aside the sheriff's sale was raised before the trial court.

We conclude that this issue was raised below. First, the Brinkerhoffs themselves acknowledge in their appellate brief that they did raise this issue before the trial

court. In the trial court the Brinkerhoffs "moved for summary judgment asking that the Sheriff's sale be confirmed, in essence, and that Farr be compelled to pay his bid, or in the alternative, for judgment against Farr." Second, in ruling on the parties' summary judgment, the trial court expressly stated that "[t]here is an issue if the sale was consummated." Finally, in that same order, the trial court stated that "[b]oth parties are ordered to appear and show cause why the court should not set aside the sheriff's sale...." A hearing was subsequently held where the parties argued their respective positions in setting aside the sale. All of the above demonstrate that setting aside the sheriff's sale was sufficiently raised in the trial court as to allow the trial court to fashion that relief.

### III. SUMMARY JUDGMENT

■ The Brinkerhoffs also argue that the trial court erred in dismissing Farr's complaint, which the Brinkerhoffs claim was essentially a grant of summary judgment vacating the sheriff's sale. In support of this argument, the Brinkerhoffs assert that since the trial court dismissed the complaint because of its finding that no issues of fact remained, such actually constituted a grant of summary judgment, and not a dismissal.

The record before us indicates that the trial court did not base its final judgment on the parties' motions for summary judgment, but instead simply dismissed Farr's declaratory action, finding "no more issues [of fact] to be tried." However, when an order dismissing an action relies upon the pleadings, the affidavits on file, and arguments of counsel, such order is treated as a summary judgment. *Strand v. Associated Students of Univ. of Utah,* 561 P.2d 191, 193 (Utah 1977). Here, since the effect of the trial court's ruling was to grant summary judgment vacating the sheriff's sale, this court reviews the trial court's order as one of summary judgment.

■ "Summary judgment can be granted when no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Silcox v.*

*Skaggs Alpha Beta, Inc.,* 814 P.2d 623, 623 (Utah App.1991) (citations omitted). "Inasmuch as a challenge to summary judgment presents for review conclusions of law only, because, by definition, summary judgments do not resolve factual issues, this Court reviews those conclusions for correctness, without according deference to the trial court's legal conclusions." *Bonham v. Morgan,* 788 P.2d 497, 499 (Utah 1989) (citation omitted). Because there are no unresolved material issues of fact in this case, we review the trial court's decision to set aside the sheriff's sale for correctness.

To determine the propriety of the sheriff's sale which purported to sell a parcel of property owned solely by Mr. Brinkerhoff, it must first be decided whether a prior conveyance of that property from EEB to Mr. Brinkerhoff individually was valid as to render Mr. Brinkerhoff the legal owner of the property at the time of the sheriff's sale.

Since the conveyance from EEB to Mr. Brinkerhoff was executed in consideration of Farr's dismissal of his lawsuit against Mr. Brinkerhoff, such conveyance was executed outside the regular course of corporate business. Utah Code Ann. § 16–10–74 (1991) governs the sale of corporate assets outside the regular course of business. The relevant portion of that section provides:

A sale, lease, exchange, mortgage, pledge, or other disposition of all, or substantially all, the property and assets, with or without the good will, of a corporation, if not made in the usual and regular course of its business, may be made upon such terms and conditions and for such consideration, which may consist in whole or in part of money or property, real or personal, including shares of any other corporation, domestic or foreign, as may be authorized in the following manner.

(a) The board of directors *shall* adopt a resolution recommending such sale, lease, exchange, pledge, or other disposition and directing the submission thereof to a vote at a meeting of

shareholders, which may be either an annual or a special meeting.

(b) Written or printed notice *shall* be given to each shareholder entitled to vote at such meeting....

(c) At such meeting, the shareholders may authorize such sale, lease, exchange, mortgage, pledge, or other disposition.... Each outstanding share of the corporation shall be entitled to vote thereon.... Such authorization *shall* require the affirmative vote of the holders of at least a majority of the outstanding shares of the corporation....

*Id.* (emphasis added).

EEB, through its directors, failed to comply with any of the requirements of section 16–10–74 in executing the transfer from EEB to Mr. Brinkerhoff. First, the corporation's board of directors never adopted a resolution recommending the conveyance of the corporation's only asset to Mr. Brinkerhoff. In his affidavit in support of summary judgment, Mr. Brinkerhoff, a director, admits that "the conveyance was not authorized by a resolution of the board of directors." Moreover, in her affidavit supporting summary judgment, Mrs. Brinkerhoff, also an EEB director, stated that she never approved any conveyance to Mr. Brinkerhoff alone. Second, there is no evidence that the directors called for or provided notice to EEB's shareholders of a meeting wherein the resolution would be considered. Finally, there was never a vote by the shareholders of EEB to authorize the conveyance.

The Utah Supreme Court stated in *Davis v. Heath Dev. Co.*, 558 P.2d 594 (Utah 1976), that where a corporation proposes to sell all of its corporate assets, there must be an attempt to comply with section 16–10–74 in order to render the contract for sale of the assets enforceable. *Id.* at 596. *Davis* is dispositive in this case. In the case at bar, the subject parcel of property was EEB's sole corporate asset. Moreover, EEB, through its directors, made no attempt to comply with section 16–10–74 in effecting the conveyance of the parcel of property. Rather, Mr. Brinkerhoff, as president of EEB, undertook to unilaterally convey the entire parcel, not merely his interest as he contends, without any corporate authority. Because Mr. Brinkerhoff did not attempt to secure corporate authority to effect a legal conveyance pursuant to section 16–10–74, this court finds that Mr. Brinkerhoff cannot now seek to enforce the conveyance on behalf of EEB.

This court has also recognized the importance of complying with section 16–10–74 to effect a legal transfer of corporate assets. In *Allen v. Department of Employment Sec.*, 781 P.2d 888 (Utah App.1989), we stated that section 16–10–74(c) "requires approval of shareholders for a sale of substantially all of the assets of a corporation if not made in the ordinary course of business." *Id.* at 890 n. 6. In the instant case, Mr. Brinkerhoff, purporting to act for EEB, not only failed to procure the approval of the corporation's shareholders for the transfer of the real property, but also failed to comply with all the other requirements provided in section 16–10–74. Failure to comply with those statutory requirements rendered the conveyance from EEB to Mr. Brinkerhoff invalid.

Other jurisdictions have likewise held that in order for an interest in real estate transferred by a corporation to be valid, compliance with a statute governing such transfers must be met. The Montana Supreme Court ruled that "[i]t is not proper for a corporation to sell its property assets ... without following the requisite statutes, unless there is a bylaw provision that has been properly filed and published to allow it." *Larry C. Iverson, Inc. v. Bouma*, 195 Mont. 351, 639 P.2d 47, 55 (1981). In the case at bar, Mr. Brinkerhoff asserts no legal basis for the transfer from EEB to himself. In fact, Mr. Brinkerhoff concedes that the "conveyance was not authorized by any bylaws of said corporation." Absent bylaws to govern the conveyance of corporate assets, Mr. Brinkerhoff, as president of EEB, was not free to independently execute the transfer on behalf of the corporation. Rather, Mr. Brinkerhoff was required to derive some authority upon which to effect a legal conveyance by EEB. Because EEB did not have corporate bylaws,

this court finds that Mr. Brinkerhoff, acting for EEB, was required to follow statutory requirements in making the transfer.

## IV. CONCLUSION

Due to Mr. Brinkerhoff's failure to comply with the requirements set out in section 16–10–74 for transferring corporate assets, this court finds that the conveyance of the property from EEB to Mr. Brinkerhoff is invalid. Mr. Brinkerhoff, therefore, was not the legal owner of the property at the time of the sheriff's sale; rather, EEB was the legal owner. Accordingly, where the sheriff's sale purported to sell property owned solely by Mr. Brinkerhoff and where, in fact, Mr. Brinkerhoff was not the legal owner of that property, such sale cannot be valid, and therefore we affirm the trial court's order of dismissal setting the sale aside.

GARFF and GREENWOOD, JJ., concur.