**NEWSPAPER AGENCY CORPORATION,**
Petitioner,

v.

**DEPARTMENT OF WORKFORCE SERVICES and Teresa Ortiz,**
Respondents.

**No. 981369–CA.**

Court of Appeals of Utah.

July 9, 1999.

**400**

Sharon E. Sonnenreich, Kearns–Tribune Corp. General Counsel, and Deno G. Himonas, Jones, Waldo, Holbrook & McDonough, Salt Lake City, for Petitioner.

Lorin R. Blauer, Department of Workforce Services, Salt Lake City, for Respondents.

Before GREENWOOD, Associate P.J., and BENCH, and ORME, JJ.

## OPINION

ORME, Judge:

¶ 1 Petitioner Newspaper Agency Corporation (NAC) seeks review of the Workforce Appeals Board's decision that claimant Teresa Ortiz was entitled to unemployment benefits and that NAC should be assessed its share of benefit costs. Because the Board correctly interpreted the law in concluding claimant's appeal was timely filed and NAC has failed to persuade us that relief from its share of benefit costs is warranted, or even possible, we decline to set aside the Board's decision.

## BACKGROUND

¶ 2 Because the parties dispute only the effect of the factual findings, and not the findings themselves, "we recite the facts in accord with those findings." *Maverik Country Stores v. Industrial Comm'n*, 860 P.2d 944, 945 n. 2 (Utah Ct.App.1993). NAC discharged claimant, an NAC driver, on October 2, 1997. On October 17, claimant filed a claim with the Utah Department of Workforce Services for unemployment compensation. The Department denied her benefits, concluding that claimant was "discharged from [her] job for not following a reasonable policy, rule or instruction from [her] employer" and that the discharge was for "just cause." The Department sent notice of its decision to claimant on November 4, 1997, including an explanation of claimant's right to appeal:

RIGHT TO APPEAL—If you believe this decision is incorrect, appeal by mail to: Appeals Section; P.O. Box 45244; Salt lake City, Ut. 84145–0244, or by FAX (801)536–7649. You must appeal in writing within 10 calendar days after this decision was mailed. YOUR APPEAL MUST BE SIGNED · BY YOU AND SHOW THE DATE MAILED OR SENT BY FAX AND YOUR NAME AND SOCIAL SECURITY NUMBER. STATE THE GROUNDS FOR YOUR APPEAL AND THE RELIEF YOU ARE REQUESTING.

¶ 3 Although she wished to dispute the Department's determination and understood

the basic procedure for doing so, claimant failed to follow this description of how and when to appeal. That is, rather than mailing or faxing her appeal letter as instructed in her notice of the Department's decision, around November 9 or 10, claimant brought it with her to an employment center operated by the Department, in conjunction with a visit to inquire about and apply for new employment. Claimant asserted that she gave her letter of appeal to an employee named Sandy, who agreed to forward it to the Appeals Section, and that she thereby substantially complied with the procedural requirements for appealing the Department's decision. However, the Administrative Law Judge's diligent search of documents and microfilm failed to uncover the letter.

¶4 Having received no response to her first appeal letter and after being advised by a Department employee that no appeal had been received, claimant wrote a second letter of appeal. On December 9, she again personally delivered her second letter to another Department office. According to claimant, a Department employee named Elaine accepted the second letter and stated she would make sure it was forwarded to the Appeals Section. Despite the ALJ's diligent search, however, as with claimant's first appeal, no record of this second appeal letter was discovered.

¶5 Finally, on January 9, 1998, after calling the Department and being informed no appeal had yet been filed, claimant delivered a third letter of appeal, this time directly to the Appeals Section. On January 14, the Department mailed a notice of formal adjudicative proceedings to claimant and NAC, followed by a notice of hearing. The record contains no indication that NAC was previously advised of claimant's intention to appeal. On February 2, a hearing was held regarding the timeliness and merits of claimant's appeal, after which the ALJ issued a decision concluding that because claimant filed her appeal sixty-six days after the Department's initial decision was mailed, it was not timely. The ALJ further concluded that

because the appeal was untimely, the ALJ had no jurisdiction to review the merits of the Department's determination that claimant was discharged for good cause. Claimant appealed this decision to the Workforce Appeals Board.

¶6 On review, the Board concluded that claimant's appeal was timely filed because "claimant credibly testified that within a few days of receiving the decision, she went to the Redwood Road office of the Department of Workforce Services [and] delivered her appeal to a woman in the unemployment office on the second floor." The Board noted that although filing an appeal via mail or fax was preferred, Utah Administrative Code R994–406–309 allowed filing at an employment center. Consequently, the Board remanded the matter to the ALJ for a decision on the merits.

¶7 On remand, the ALJ ruled that NAC did not discharge claimant for just cause. Therefore, the ALJ reversed the Department's initial administrative determination denying claimant unemployment benefits and ruled that NAC was liable for its pro-rated share of benefit costs. NAC appealed this decision to the Board, asking the Board to reconsider and reverse its earlier decision that claimant's appeal was timely.[1] NAC argued that even accepting the Board's factual findings, the "decision was incorrect as a matter of law." NAC contended that the Board erroneously applied an outdated version of the administrative rule and that both the earlier and amended versions were invalid because they were impermissibly inconsistent with Utah Code Ann. § 35A–4–406(3)(a) (1997). The Board disagreed, concluding the amendment did not substantively change the administrative rule and that the rule did not conflict with section 35A–4–406(3)(a). The Board affirmed the ALJ'S decision, and NAC then sought this court's review.

## ISSUES AND STANDARDS OF REVIEW

¶8 NAC does not dispute the Board's factual finding that claimant delivered a letter of appeal to an unemployment office with-

1. NAC did not challenge the ALJ's determination that claimant was discharged without just cause.

in ten days after the Department mailed notice of its decision. NAC challenges only the Board's legal conclusion that, under Utah Administrative Code R994–406–309, the appeal was timely. First, NAC argues that by authorizing filing in such a manner, the rule expands the Appeals Section's jurisdiction beyond that authorized by statute and is therefore invalid. Our determination of this issue turns on an interpretation of section 35A–4–406(3)(a) of the Utah Code.

¶ 9 Second, NAC argues that if the Department has the power to designate agents for receipt of appeals and claimant's first appeal was thus timely filed, the agents' failure to properly keep or forward claimant's letters of appeal should prevent the Department from assessing NAC its share of benefit costs. As the Department correctly points out, whether an employer must be charged, or may be relieved of, benefit costs is governed by Utah Code Ann. §§ 35A–4–306 and 35A–4–307 (1997). Consequently, resolution of this issue likewise raises a question of statutory interpretation.

■ ¶ 10 Because both issues require the interpretation of statutes, they raise questions of law that we review for correctness. *See Drake v. Industrial Comm'n*, 939 P.2d 177, 181 (Utah 1997) ("Where the issue is a question of law, . . . appellate review gives no deference to the trial judge's or agency's determination. . . ."); *Bevans v. Industrial Comm'n*, 790 P.2d 573, 575 (Utah Ct.App. 1990) (" '[A] court may decide that the agency has erroneously interpreted the law if the court merely disagrees with the agency's interpretation.' ") (citation omitted).

### TIMELINESS OF CLAIMANT'S APPEAL

¶ 11 NAC argues the administrative rule authorizing filings at various employment centers is invalid because it is inconsistent with Utah Code Ann. § 35A–4–406 (1997). The Department, however, argues the statute simply designates who must receive an appeal but does not address the method by which such appeal must be received. We agree with the Department.

■ ¶ 12 "It is a long-standing principle of administrative law that an agency's rules must be consistent with its governing statutes." *Sanders Brine Shrimp v. Audit Div. of the Utah State Tax Comm'n*, 846 P.2d 1304, 1306 (Utah 1993). Nonetheless, we grant an administrative rule a presumption of validity in determining whether the rule is consistent with governing statutes. *See South Cent. Utah Tel. Ass'n, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 951 P.2d 218, 223 (Utah 1997). When interpreting a statute and determining whether a regulation is consistent, we look first to the plain meaning of the words used by the Legislature. *See Valcarce v. Fitzgerald*, 961 P.2d 305, 318 (Utah 1998); *Eaton Kenway, Inc. v. Auditing Div. of the Utah State Tax Comm'n*, 906 P.2d 882, 886 (Utah 1995). At the same time, we construe Utah's Employment Security Act " 'liberally in favor of affording benefits.' " *Armstrong v. Department of Employment Sec.*, 834 P.2d 562, 564 (Utah Ct. App.1992) (citation omitted). Moreover, " ' "[r]ules made in the exercise of a power delegated by the statute [2] should be construed together with the statute to make, if possible, an effectual piece of legislation in harmony with common sense and sound reason." ' " *Crossroads Plaza Ass'n v. Pratt*, 912 P.2d 961, 965 (Utah 1996) (citations omitted). We conclude Rule 994–406–309 is consistent with section 35A–4–406(3)(a).

¶ 13 That section describes the rights of a claimant or employer to appeal a decision made by the Department:

The claimant or any other party entitled to notice of a determination as provided by department rule may file an appeal from the determination *with the Division of Adjudication within ten days after the date of mailing of the notice* of determination or redetermination to the party's last-known address or, if the notice is not

---

2. The Department has expressly been granted authority to adopt pertinent rules: "In accordance with Title 63, Chapter 46a, Utah Administrative Rulemaking Act, the department shall make rules governing adjudicative procedures including the forms of notices and the manner of serving notice in all claims." Utah Code Ann. § 35A–1–303(1)(a) (1997).

mailed, within ten days after the date of delivery of the notice.

Utah Code Ann. § 35A–4–406(3)(a) (1997) (emphasis added). This section thus requires a party intending to appeal the Department's initial determination to communicate that intention to the Division of Adjudication within ten days.[3] The Department promulgated a rule describing the particular methods available for filing a notice of appeal:

An appeal must be filed in writing by mailing a signed letter to the mailing address of the Appeals Tribunal as shown on the notice of decision, or submitting a written statement at an employment center.

Utah Code Admin. P. R994–406–309 (Supp. 1997). Construing this statute and rule in harmony, it is clear the statute describes *who* must receive the appeal, while the rule describes a procedure for *how* this may be accomplished.

■ ¶ 14  NAC has demonstrated no way in which the statute is undercut by authorizing delivery at an employment center, a satellite office of the same department of which the Division of Adjudication is a part. It is reasonable and rational for the Department to flesh out directions for the time, place, and manner of filing an appeal. Such directions simply help effectuate, and thus do not contradict, the statutory goal of providing notice of an intent to appeal to the Division of Adjudication.[4]  Thus, section 35A–4–406(3)(a) directs appeals of initial Department decisions to be filed with the Division of Adjudication, but does not precisely script how that shall happen. Utah Administrative Code R994–406–309 fills in this gap by prescribing the permitted methods for filing an appeal with the Division. The rule is consistent

with section 35A–4–406(3)(a), and thus is valid. Accordingly, the Appeals Board correctly concluded that claimant's initial appeal, filed at an employment center within ten days of the decision, was timely filed at an appropriately authorized location.

## ASSESSMENT OF BENEFIT COSTS

■ ¶ 15  NAC also argues that if the Department could allow filing of appeals at employment centers, the Department should bear the burden of any flaw in their procedures for forwarding the appeals to the Division of Adjudication, and therefore should not assess NAC its share of benefit costs. Although NAC's delayed notice of the appeal and the inexplicable shortcomings in the Department's procedures for handling important documents make this avenue attractive, we are not persuaded we can simply relieve NAC of its benefit costs, nor are we convinced such a remedy is warranted in this case.

¶ 16  We recognize that although section 35A–4–306 requires the Department to assess employers their share of benefit costs, section 35A–4–307 characterizes some benefit costs as "social costs" for which, for various reasons, employers need not pay. *See* Utah Code Ann. §§ 35A–4–306, –307 (1997); *Professional Staff Management, Inc. v. Department of Employment Sec.*, 953 P.2d 76, 77–78 (Utah Ct.App.1998) (explaining the "chargeback" system); *Allen v. Department of Employment Sec.*, 781 P.2d 888, 890–91 (Utah Ct.App.1989) (holding benefit costs resulting from voluntary quit were social costs and could not be charged to employer). Although social costs are particularly described, *see* Utah Code Ann. § 35A–4–307(1)(a)–(f) (1997), this section also contains

3. "Division of Adjudication," the term used in the statute, "Appeals Tribunal," used in the administrative rule next quoted, and "Appeals Section," the term employed in the notice of decision sent to claimant, all refer to the same step in the unemployment claim process, i.e., review by a Department administrative law judge of the initial administrative determination of eligibility and benefits.

4. We note that if, as the Department claims, its goal in allowing filing at employment centers is to "make governmental systems more user-

friendly to the citizens and taxpayers," their current system needs immediate attention. That is, neither of claimant's two appeals filed at employment centers reached the Division of Adjudication, and claimant had to write three separate letters of appeal. However, the obvious need for a more formal, routinized procedure for logging and receipting documents delivered, and for routing documents to the Division of Adjudication after filing, does not itself make the filing at an employment center inconsistent with section 35A–4–406(3)(a).

a residual provision defining social costs as benefit costs not otherwise chargeable to the employer. *See id.* § 35A–4–307(1)(g) ("Any benefit costs that are not charged to an employer and not defined in this subsection are also social costs."). We are urged to treat NAC's benefit costs in this case as social costs. However, no provision in the Employment Security Act expressly authorizes otherwise validly assessed benefit costs to be treated as social costs merely because the employer received delayed notice that claimant wished to appeal the initial determination.

¶ 17 Further, we are not convinced that a balance of the equities here warrants treating NAC's benefit costs as social costs. Because the Department employed a clearly inefficient system for handling appeals filed at employment centers,[5] some sanction might be justified. However, social costs are not paid from the pockets of inept Department employees or even from the Department's budget, but rather from the Unemployment Compensation Fund, to which all employers contribute. *See* Utah Code Ann. §§ 35A–4–301 to –313 (1997 & Supp.1998) (governing employer contributions); *id.* § 35A–4–401(1) (1997) (providing that unemployment benefits are paid from the fund); *id.* § 35A–4–501 (1997) (establishing and governing the fund). Consequently, characterizing these benefit costs as social costs would shift their expense not onto the Department, but onto all employers. Given the choice between entirely blameless employers and NAC, who discharged claimant without good cause and thus created the need for claimant to seek unemployment benefits, NAC should bear its appropriate share of the cost of claimant's unemployment benefits.

## CONCLUSION

¶ 18 The Workforce Appeals Board correctly concluded that because Utah Administrative Code R994–406–309 is consistent with Utah Code Ann. § 35A–4–406 and therefore valid, claimant's appeal was timely filed. We reject NAC's argument that we may relieve

it of its properly assessed share of benefit costs. Accordingly, we deny NAC's petition for relief.

¶ 19 WE CONCUR: PAMELA T. GREENWOOD, Associate Presiding Judge, and RUSSELL W. BENCH, Judge.

---

5. We use the past tense advisedly. At oral argument, counsel for the Department assured us the Department would immediately implement appropriate procedures for receipting, tracking, and transmitting these important documents.